# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE LOOP INDUSTRIES, INC.
SECURITIES LITIGATION

Case No. 7:20-cv-08538-NSR

Consolidated with:
Case No. 7:20-cv-09031-NSR

**DECLARATION OF JOSEPHINE BRAVATA CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Josephine Bravata, declare as follows:

1.      I am the Quality Assurance Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.[1]  I have over twenty years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over 525 class action cases since its inception.  I have personal knowledge of the facts set forth herein and, if called on to do so, I could and would testify competently thereto.

**MAILING OF THE POSTCARD NOTICE**

2.      Pursuant to the Court's September 16, 2022, Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 49, the "Preliminary Approval Order"), SCS was retained by Lead Counsel to serve as the Claims Administrator in the above-captioned action (the "Action").  I submit this declaration in order to provide the Court and the Parties with information regarding the notice program, as well as updates concerning other aspects of the Settlement administration process.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated May 17, 2022 (ECF No. 47-1, the "Stipulation").

3.    To provide notice to those persons and entities that purchased or otherwise acquired the common stock of Loop Industries, Inc. ("Loop") between September 24, 2018 and October 12, 2020, inclusive (the "Settlement Class Period"), SCS printed and mailed the Postcard Notice to potential members of the Settlement Class as required by the Preliminary Approval Order. A true and correct copy of the Postcard Notice is attached as **Exhibit A**.

4.    As in most class actions of this nature, the vast majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers are known only to the nominees. SCS maintains a proprietary master list consisting of 821 banks and brokerage companies ("Nominee Account Holders"), as well as 952 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups"). On October 3, 2022, SCS caused a letter to be mailed or e-mailed to all of the Nominee Account Holders and Institutional Groups notifying them of the Settlement. The letter also requested that, within seven calendar days from the date of the letter, they either: (a) send the Postcard Notice to potential Settlement Class Members; (b) email potential Settlement Class Members a link to the Notice and Claim Form (collectively, the "Notice and Claim Form") on the settlement website; or (c) provide SCS with a list of the names, mailing addresses, and email addresses of potential Settlement Class Members. A copy of the letter sent to the Nominee Account Holders and Institutional Groups is attached as **Exhibit B** and a copy of the Notice and Claim Form is attached as **Exhibit C**.

5.    SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 147 individuals and organizations identified in the transfer records that were provided to SCS by

Loop's transfer agent.  These records reflect persons and entities that purchased Loop common stock for their own account, or for the account(s) of their clients, during the Settlement Class Period.  The transfer record mailing was completed on October 3, 2022.

6.      Following these mailings, SCS received: (a) 2,217 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS; (b) a request from a nominee for 3,680 Postcard Notices so that the nominee could forward them to their customers; and (c) notification from three nominees that they mailed the Postcard Notice to 59 of their customers.  To date, 6,103[2] Postcard Notices have been mailed to potential Settlement Class Members.

7.      Additionally, SCS emailed links to the Notice and Claim Form on the settlement website to nine email addresses provided by Lead Counsel.  SCS was also notified by two nominees that they emailed 2,139 of their clients to notify them of the Settlement and provided them with a link to the Notice and Claim Form on the settlement website.  To date, 2,148 links to the Notice and Claim Form were emailed to potential Settlement Class Members.

8.      In total, 8,251 potential Settlement Class Members have been mailed the Postcard Notice or emailed a link to the Notice and Claim Form on the settlement website.

9.      SCS also sent the Depository Trust Company ("DTC") the Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS") on October 4, 2022.  LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

---

[2] SCS received five requests from potential Settlement Class Members for the Notice and Claim Form to be mailed.  SCS immediately mailed out a Notice and Claim Form to them.

## PUBLICATION OF THE SUMMARY NOTICE

10.    Pursuant to the Preliminary Approval Order, on October 31, 2022, the Summary Notice was published once in *Investor's Business Daily* and transmitted once over the *PR Newswire*, as shown in the confirmations of publication attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

11.    SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement.  Settlement Class Members may also request that SCS mail them the Notice and Claim Form.  SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBSITE

12.    On September 30, 2022, SCS established the settlement website at www.LoopIndustriesSecuritiesSettlement.com.  The website is accessible 24 hours a day, seven days a week.  The website contains a home page; an important documents page with downloadable versions of the Notice and Claim Form, the Postcard Notice, the Preliminary Approval Order, the Stipulation, and the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws; an online claim submission page; a nominees page; and a contact us page.  To date, the settlement website has received 2,567 pageviews from 653 unique users.

## REPORT ON EXCLUSIONS AND OBJECTIONS

13.    The Notice, Summary Notice, Postcard Notice, and the settlement website informed potential Settlement Class Members that written requests for exclusion are to be mailed or delivered to SCS such that they are received no later than December 8, 2022.  SCS has been monitoring all mail delivered for this case.  As of the date of this Declaration, SCS has not received any requests for exclusion.

14.    According to the Notice, Summary Notice, Postcard Notice, and the settlement website, objecting to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses must be served on Lead Counsel and Defendants' Counsel, as well as filed with the Clerk of the Court, no later than December 8, 2022.  As of the date of this Declaration, SCS has not received any objections, and SCS has not been notified that any objections have been filed with the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of November 2022, in Media, Pennsylvania.

Josephine Bravata

5

In re Loop Industries, Inc. Securities
Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

*COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities
Class Action Settlement.**

**You may be entitled to a CASH
payment.  This Notice may affect your
legal rights.  Please read it carefully.**

*In re Loop Industries, Inc. Securities
Litigation,* Case No. 7:20-cv-08538-
NSR

EXHIBIT A

***THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***
***PLEASE VISIT WWW.LOOPINDUSTRIESSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.***

There has been a proposed Settlement of claims against Loop Industries, Inc. ("Loop") and certain current and former executives of Loop (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Lead Plaintiffs allege that Defendants disseminated materially false and misleading information to the investing public about Loop's technology and the commercial viability thereof, in violation of the federal securities laws. Defendants deny any and all allegations of wrongdoing whatsoever. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Loop common stock between September 24, 2018 and October 12, 2020, inclusive, and been damaged thereby.

Defendants have agreed to cause Loop to pay a Settlement Amount of $3,100,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and Agreement of Settlement and Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("detailed Notice"), available at www.LoopIndustriesSecuritiesSettlement.com.** Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size, and timing of your transactions in Loop common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.31 per damaged share of Loop common stock before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.LoopIndustriesSecuritiesSettlement.com, or will be mailed to you upon request by the Claims Administrator (866-274-4004). **Claim Forms must be either submitted online at www.LoopIndustriesSecuritiesSettlement.com by 11:59 p.m. EST on February 15, 2023 or postmarked to the Claims Administrator by February 15, 2023**. If you do not want to be legally bound by the Settlement, you must exclude yourself by December 8, 2022, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by December 8, 2022. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on January 5, 2023 at 2:00 p.m. via AT&T teleconference, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus actual expenses up to $140,000 for litigating the case and negotiating the Settlement, and reimbursement of Lead Plaintiffs' costs and expenses related to their representation of the Settlement Class in an aggregate amount not to exceed $10,000. To access the teleconference, please follow the directions in the detailed Notice. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free 1-866-274-4004 or visit the website www.LoopIndustriesSecuritiesSettlement.com and read the detailed Notice.

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS
### STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202         EMAIL: info@strategicclaims.net         FAX: (610) 565-7985

October 3, 2022

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF LOOP INDUSTRIES, INC. ("LOOP") ON THE OPEN MARKET LOCATED WITHIN THE UNITED STATES INCLUDING BUT NOT LIMITED TO THE NASDAQ STOCK EXCHANGE OR ANOTHER DOMESTIC EXCHANGE, DURING THE PERIOD BETWEEN SEPTEMBER 24, 2018 AND OCTOBER 12, 2020, INCLUSIVE.

Excluded from the Settlement Class are: (a) Defendants; (b) Northern Private Capital Ltd., Northern Private Capital Fund I Limited Partnership, Northern Private Capital Fund I Non-Resident Limited Partnership (collectively, "Northern Private"); (c) any person who served as a partner, control person, executive officer, and/or director of Loop or Northern Private during the Settlement Class Period, and members of their immediate families; (d) present and former parents, subsidiaries, assigns, successors, predecessors, and affiliates of Loop and Northern Private; (e) any entity in which the Defendants or Northern Private have or had a controlling interest; (f) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his or her Immediate Family; (g) Defendants' liability insurance carriers; (h) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (a) through (g) hereof; and (i) members of the Immediate Families of the Individual Defendants.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Loop Industries, Inc. Securities Litigation*<br>Case No. 7:20-cv-08538-NSR<br>Consolidated with: Case No. 7:20-cv-09031-NSR<br>Objection Deadline: December 8, 2022<br>Exclusion Deadline: December 8, 2022<br>Settlement Hearing: January 5, 2023<br>Claim Filing Deadline: February 15, 2023 | Cusip Number: 543518104 |

### PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses** and we will do the emailing of the link to the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of the Litigation Expenses ("Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice and Claim Form"). If email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the mailing of the Postcard Notice. Please provide this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hard copy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample Postcard Notices to do the mailing. After the receipt of the Postcard Notices, you have seven (7) calendar days to mail them; or
4. Request a copy of the link to the Notice and Claim Form in electronic format and advise us that you will be emailing the notice to your beneficial purchasers/owners.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per emailed link to the Notice and Claim Form;** OR
- **$0.05 per name, address and email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current pre-sort rate used by the Claims Administrator** if you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Noticer and Claim Form and all the important documents are available on our website at www.LoopIndustriesSecuritiesSettlement.com. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,
Claims Administrator
Loop Industries, Inc. Securities Litigation

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LOOP INDUSTRIES, INC. SECURITIES LITIGATION | Case No. 7:20-cv-08538-NSR<br><br>Consolidated with:<br>Case No. 7:20-cv-09031-NSR |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if, during the period between September 24, 2018 and October 12, 2020, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Loop common stock on an open market located within the United States, including but not limited to the NASDAQ stock exchange or another domestic exchange, and were damaged thereby.[1]

NOTICE OF SETTLEMENT:  Please also be advised that the Court-appointed Lead Plaintiffs, Sakari Johansson and John Jay Cappa (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 20 below), have reached a proposed settlement of the Action for $3,100,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Loop, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 80 below).**

1.    **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Loop Industries, Inc. ("Loop" or the "Company"), Daniel Solomita, and Nelson Gentiletti (collectively, the "Individual Defendants" and, together with the Loop, the "Defendants") violated the federal securities laws by making false and misleading statements regarding Loop and its technology. A more detailed description of the Action is set forth in paragraphs 11-19 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 20 below.

2.    **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $3,100,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 17, 2022 (the "Stipulation"), which is available at www.LoopIndustriesSecuritiesSettlement.com.

awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 46-64 below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimates of the number of Loop shares of common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery per affected share (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.31. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Loop common stock, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* paragraphs 46-64 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2020, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel for Plaintiffs and proposed Settlement Class, Glancy Prongay & Murray LLP and Pomerantz LLP ("Lead Counsel"), will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $140,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Loop common stock, if the Court approves Lead Counsel's fee and expense application, is $0.12 per affected share of Loop common stock.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by Leanne H. Solish, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (310) 201-9150, settlements@glancylaw.com and Murielle J. Steven Walsh, Esq. of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100, mjsteven@pomlaw.com.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM EITHER ONLINE OR POSTMARKED NO LATER THAN FEBRUARY 15, 2023.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 29 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 30 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN DECEMBER 8, 2022.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is, however, the only option that allows you to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN DECEMBER 8, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON JANUARY 5, 2023 AT 2:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN DECEMBER 8, 2022.** | Filing a written objection and notice of intention to appear by December 8, 2022 allows you to speak to the Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  In addition, unless you file a valid request for exclusion, you will remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| **WHAT THIS NOTICE CONTAINS** |
|---|

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 4

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 4

How Do I Know If I Am Affected By The Settlement?  Who Is Included
 In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 5

What Are Lead Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 6

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 6

How Are Settlement Class Members Affected By The Action And
 The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 7

How Do I Participate In The Settlement?  What Do I Need To Do? . . . . . . . . . . . . . . . . .  Page 8

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 8

What Payment Are The Attorneys For The Settlement Class Seeking?
 How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 13

What If I Do Not Want To Be A Member Of The Settlement Class?
 How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 13

When And Where Will The Court Decide Whether To Approve The Settlement?
 Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
 Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 14

What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . .  Page 15

Can I See The Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . . . .  Page 15

| **WHY DID I GET THE POSTCARD NOTICE?** |
|---|

8.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Loop common stock on an open market located within the United States, including but not limited to the NASDAQ stock exchange or another domestic exchange, during the Settlement Class Period.  The Court also directed that this Notice be posted online at www.LoopIndustriesSecuritiesSettlement.com and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 71 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| **WHAT IS THIS CASE ABOUT?** |
|---|

11.    Two class action complaints were filed in the United States District Court for the Southern District of New York beginning with the first action filed on October 13, 2020.  By Order dated January 4, 2021, these two cases were consolidated and recaptioned as *In re Loop Industries, Inc. Securities Litigation*, Master File No. 7:20-cv-

08538-NSR and Lead Plaintiffs and Lead Counsel were approved and appointed by the Court.

12. On February 18, 2021, Lead Plaintiffs filed their Amended Consolidated Class Action Complaint (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. The Complaint alleged, among other things, that Defendants made materially false and misleading statements and/or omitted material facts with respect to Loop's recycling technology, including its sustainability, the amount of energy input required in the process, and the commercial viability thereof. The Complaint further alleged that the price of Loop's common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed. Defendants deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

13. On April 27, 2021, Defendants served a motion to dismiss the Complaint. On May 27, 2021, Lead Plaintiffs served their papers in opposition, and, on June 11, 2021, Defendants served their reply papers. On June 11, 2021, all of the briefing on the motion was filed with the Court.

14. On January 12, 2022, the Parties requested that the Court stay the issuance of any decision and order on Defendants' motion to dismiss, pending the Parties' participation in a mediation session in early March 2022.

15. On March 1, 2022, Lead Counsel and Defendants' Counsel participated in a full-day virtual mediation session before Jed Melnick, Esq, of JAMS. In advance of that session, the Parties exchanged, and provided to Mr. Melnick, detailed mediation statements and exhibits, which addressed the issues of both liability and damages. The session resulted in an agreement in principle to settle the Action.

16. The Parties thereafter memorialized the settlement in a confidential Term Sheet to Settle Class Action (the "Term Sheet") executed on March 3, 2022. The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment by or on behalf of Defendants of $3,100,000.00 for the benefit of the Settlement Class.

17. Based on the investigation and mediation of the case and Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

18. Defendants are entering into the Stipulation solely to eliminate the burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 30 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

19. On September 16, 2022, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

20. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who or which purchased or otherwise acquired Loop common stock on an open market located within the United States, including but not limited to the NASDAQ stock exchange or another domestic exchange, between September 24, 2018 and October 12, 2020, inclusive, and who were damaged thereby

Excluded from the Settlement Class are (1) persons who suffered no compensable losses; and (2) (a) Defendants; (b) Northern Private Capital Ltd., Northern Private Capital Fund I Limited Partnership, Northern Private Capital

Fund I Non-Resident Limited Partnership (collectively, "Northern Private"); (c) any person who served as a partner, control person, executive officer, and/or director of Loop or Northern Private during the period between September 24, 2018 and October 12, 2020, inclusive, and members of their immediate families; (d) present and former parents, subsidiaries, assigns, successors, predecessors, and affiliates of Loop and Northern Private; (e) any entity in which the Defendants or Northern Private have or had a controlling interest; (f) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his or her Immediate Family; (g) Defendants' liability insurance carriers; (h) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (a) through (g) hereof; and (i) members of the Immediate Families of the Individual Defendants.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page 13 below.

**PLEASE NOTE:  RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.LoopIndustriesSecuritiesSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than February 15, 2023.**

<div style="border:1px solid;text-align:center">

**WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

</div>

21.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  For example, Defendants assert that their statements were not actionable under the federal securities laws because they were either soft descriptions of Loop's technology that were too general and not objectively verifiable, were forward-looking, and that Defendants' had publicly warned of the exact risk that Lead Plaintiffs allege to be false and misleading.  Defendants also asserted that their statements were not made with the requisite state of mind to support the securities fraud claims alleged.  If the litigation continued, Lead Plaintiffs would have faced several obstacles, including – motions to dismiss, class certification, summary judgment, and trial, and if they prevailed on those, the appeals that were likely to follow.  A loss at any stage could have resulted in a recovery far less than the Settlement, or no recovery at all.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

22.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $3,100,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery after summary judgment, trial, and appeals, possibly years in the future.

23.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

<div style="border:1px solid;text-align:center">

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

</div>

24.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

25.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 14 below.

26.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 13 below.

27.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 14 below.

28.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 29 below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 30 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

29.    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, acquisition, or sale of Loop common stock on an open market located within the United States, including but not limited to the NASDAQ stock exchange or another domestic exchange, during the Settlement Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.  Released Plaintiffs' Claims also exclude the proposed class action pending in the Superior Court of Quebec (District of Terrebonne, Province of Quebec, Canada), in file no. 700-06-000012-205.

30.    "Defendants' Releasees" means (i) each Defendant, (ii) each of their respective Immediate Family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities, and affiliates, any trust of which any Individual Defendant is the settler or which is for the benefit of any Defendant and/or member(s) of his or her Immediate Family, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, employees, contractors, consultants, auditors, accountants, financial advisors, investment bankers, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

31.    "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar,

7

comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

32.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 33 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 34 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

33.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

34.    "Plaintiffs' Releasees" means (i) Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and (ii) each of their respective Immediate Family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities, and affiliates, any trust of which any Settlement Class Member is the settler or which is for the benefit of any Settlement Class Member and/or member(s) of his or her Immediate Family, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, employees, contractors, consultants, auditors, accountants, financial advisors, investment bankers, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, and any controlling person thereof, in their capacities as such, and any entity in which a Settlement Class Member has a controlling interest.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

35.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **either online at www.LoopIndustriesSecuritiesSettlement.com no later than 11:59 p.m. on February 15, 2023 or postmarked no later than February 15, 2023.**  A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.LoopIndustriesSecuritiesSettlement.com or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-274-4004.  Please retain all records of your ownership of and transactions in Loop common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

36.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

37.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid three million one hundred thousand dollars ($3,100,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state, and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class

8

Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

38.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

39.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

40.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

41.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form online or postmarked on or before February 15, 2023 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 29 above) against the Defendants' Releasees (as defined in ¶ 30 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

42.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Loop common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Loop common stock during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

43.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

44.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

45.    Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is Loop common stock.

## PROPOSED PLAN OF ALLOCATION

46.    The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

47.    The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants.  The Plan of Allocation is not a formal damage analysis.  Recognized Loss Amounts are based primarily on the price declines observed over the period which Lead Plaintiffs allege corrective information was entering the market place. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts between September 24, 2018 through and including October 12, 2020, which had the effect of artificially inflating the price of Loop common stock.  The estimated alleged artificial inflation in the price of Loop common stock during the Settlement Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of Loop common stock during the Settlement Class Period is based on certain misrepresentations alleged

9

by Lead Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiffs.

48.     In order to have recoverable damages, disclosures correcting the alleged misrepresentations must be the cause of the decline in the price of the Loop common stock.  In this matter, information disclosed on October 13, 2020 allegedly corrected the misrepresentations alleged by Lead Plaintiffs, thereby removing the alleged artificial inflation from the price of Loop common stock on October 13, 2020.  Accordingly, in order to have a Recognized Loss Amount, Loop common stock must have been purchased or acquired during the Settlement Class Period and still held through market close on October 12, 2020.

49.     To the extent a Claimant does not satisfy the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

| Table 1 | | |
|---|---|---|
| Alleged Artificial Inflation in Loop Common Stock | | |
| **From** | **To** | **Per-Share Price Inflation** |
| September 24, 2018 | October 12, 2020 | $3.75 |
| October 13, 2020 | Thereafter | $0.00 |

50.     The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for Loop common stock.  The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on Loop common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss Amount on Loop common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

51.     In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions.  If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero. Any transactions in Loop common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

52.     Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of Loop common stock during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided.

   I.   For each share purchased during the Settlement Class Period that was sold prior to October 13, 2020, the Recognized Loss Amount is $0.00.

  II.   For each share purchased during the Settlement Class Period that was subsequently sold during the period October 13, 2020 through January 8, 2021, inclusive (*i.e.*, the 90-Day Lookback Period), the Recognized Loss Amount is *the lesser of*:
      a.   $3.75; or
      b.   the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

 III.   For each share purchased during the Settlement Class Period and still held as of the close of trading on January 8, 2021, the Recognized Loss Amount is *the lesser of*:
      a.   3.75; or
      b.   the purchase price minus the average closing price for Loop common stock during the 90-Day Lookback Period, which is $7.76.

| Table 2 | | | | | |
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
|---|---|---|---|---|---|
| 10/13/2020 | $7.83 | 11/11/2020 | $6.73 | 12/11/2020 | $7.52 |
| 10/14/2020 | $7.69 | 11/12/2020 | $6.73 | 12/14/2020 | $7.56 |
| 10/15/2020 | $7.67 | 11/13/2020 | $6.73 | 12/15/2020 | $7.55 |
| 10/16/2020 | $7.71 | 11/16/2020 | $6.73 | 12/16/2020 | $7.55 |
| 10/19/2020 | $7.56 | 11/17/2020 | $6.75 | 12/17/2020 | $7.55 |
| 10/20/2020 | $7.43 | 11/18/2020 | $6.76 | 12/18/2020 | $7.55 |
| 10/21/2020 | $7.29 | 11/19/2020 | $6.79 | 12/21/2020 | $7.55 |
| 10/22/2020 | $7.18 | 11/20/2020 | $6.83 | 12/22/2020 | $7.57 |
| 10/23/2020 | $7.19 | 11/23/2020 | $6.87 | 12/23/2020 | $7.59 |
| 10/26/2020 | $7.15 | 11/24/2020 | $6.92 | 12/24/2020 | $7.60 |
| 10/27/2020 | $7.11 | 11/25/2020 | $6.97 | 12/28/2020 | $7.61 |
| 10/28/2020 | $7.03 | 11/27/2020 | $7.01 | 12/29/2020 | $7.61 |
| 10/29/2020 | $6.94 | 11/30/2020 | $7.05 | 12/30/2020 | $7.62 |
| 10/30/2020 | $6.88 | 12/1/2020 | $7.09 | 12/31/2020 | $7.64 |
| 11/2/2020 | $6.84 | 12/2/2020 | $7.12 | 1/4/2021 | $7.65 |
| 11/3/2020 | $6.83 | 12/3/2020 | $7.16 | 1/5/2021 | $7.67 |
| 11/4/2020 | $6.78 | 12/4/2020 | $7.21 | 1/6/2021 | $7.70 |
| 11/5/2020 | $6.77 | 12/7/2020 | $7.28 | 1/7/2021 | $7.74 |
| 11/6/2020 | $6.75 | 12/8/2020 | $7.34 | 1/8/2021 | $7.76 |
| 11/9/2020 | $6.74 | 12/9/2020 | $7.40 | | |
| 11/10/2020 | $6.73 | 12/10/2020 | $7.46 | | |

**ADDITIONAL PROVISIONS**

53.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 61 below) is $10.00 or greater.

54.     **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Loop common stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

55.     **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts for all shares of the Loop common stock.

56.     **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of Loop common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Loop common stock during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of Loop common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Loop common stock unless (i) the donor or decedent purchased or otherwise acquired such Loop common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Loop common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

57.     **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Loop common stock.  The date of a "short sale" is deemed to be the date of sale of Loop common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in Loop common stock, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

58.     **Options Contracts:** Option contracts are not securities eligible to participate in the Settlement.  With respect to Loop common stock purchased through the exercise of an option, the purchase date of the Loop common

11

stock shall be the exercise date of the option and the purchase price of the Loop common stock shall be the closing price of Loop common stock on date of purchase.  Any Recognized Loss Amount arising from purchases of Loop common stock acquired during the Settlement Class Period through the exercise of an option on Loop common stock shall be computed as provided for other purchases of Loop common stock in the Plan of Allocation.

59.     **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Loop common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Loop common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

60.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Loop common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[2] and (ii) the sum of the Total Sales Proceeds[3] and the Holding Value.[4]  If the Claimant's Total Purchase Amount *minus* the sum of the Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities.

61.     **Determination of Distribution Amount:**  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.  Any Distribution Amounts of less than $10.00 will be included in the pool distributed to those Settlement Class Members whose Distribution Amounts are $10.00 or greater.

62.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

63.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other

---

[2] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Loop common stock purchased or acquired during the Settlement Class Period.

[3] The Claims Administrator shall match any sales of Loop common stock during the Settlement Class Period, first against the Claimant's opening position in Loop common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Loop common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[4] The Claims Administrator shall ascribe a "Holding Value" to shares of Loop common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on October 12, 2020, which shall be $7.76.  The total calculated holding values for all Loop common stock shall be the Claimant's "Total Holding Value."

Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

64.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.LoopIndustriesSecuritiesSettlement.com.

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

65.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund.[5]  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $140,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in an aggregate amount not to exceed $10,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

66.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Loop Industries, Inc. Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, P.O. Box 230, Media, PA, 19063. The exclusion request must be *received* no later than December 8, 2022. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Loop Industries, Inc. Securities Litigation*, Case No. 7:20-cv-08538-NSR"; (c) identify and state the number of shares of Loop common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between September 24, 2018 and October 12, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

---

[5] The attorney fee application will be made collectively on behalf of Glancy Prongay & Murray LLP, 1925 Century Park East, Ste. 2100, Los Angeles, CA 90067 ("GPM"); Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016 ("Pomerantz"), the Law Offices of Howard G. Smith, 3070 Bristol Pike, Suite 112, Bensalem, PA 19020 ("Smith"), and Bronstein, Gewirtz & Grossman, LLC, 60 East 42nd, Street, Suite 4600, New York, NY 10165 ("Bronstein"). Any attorneys' fees awarded by the Court will be divided between Lead Counsel GPM (60%) and Pomerantz (40%) pursuant to a fee sharing agreement. In addition, GPM intends to share with Smith, and Pomerantz intends to share with Bronstein, portions of any attorneys' fees awarded by the Court in accordance with Smith and Bronstein's respective levels of contributions to the initiation, prosecution, and resolution of the Action.

13

67.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

68.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

69.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

70.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

71.    The Settlement Hearing will be held on January 5, 2023 at 2:00 p.m., before the Honorable Nelson S. Román via AT&T teleconference. To access the teleconference, please follow these directions: (1) Dial the Meeting Number: (877) 336-1839; (2) Enter the Access Code: 1231334; (3) Press pound (#) to enter the teleconference as a guest. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

72.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before December 8, 2022.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before December 8, 2022**.

| Clerk's Office | Lead Counsel | Defendants' Counsel |
|---|---|---|
| United States District Court Southern District of New York Clerk of the Court The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse 300 Quarropas St. White Plains, NY 10601 | **Glancy Prongay & Murray LLP** Leanne H. Solish, Esq. 1925 Century Park East, Suite 2100 Los Angeles, CA 90067 <br><br> -and- <br><br> **Pomerantz LLP** Murielle J. Steven Walsh, Esq. 600 Third Avenue, 20th Floor New York, NY 10016 | **Wilson Sonsini Goodrich & Rosati, P.C.** Sheryl Shapiro Bassin, Esq. 1301 Avenue of the Americas, 40th Floor New York, NY 10019 |

73.    Any objection: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Loop common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between September 24, 2018 and October 12, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's

14

motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

74. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

75. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before December 8, 2022**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

76. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 72 above so that the notice is *received* **on or before December 8, 2022**.

77. The Settlement Hearing may be adjourned by the Court, or held telephonically or via video conference, without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date, time and location on the settlement website, www.LoopIndustriesSecuritiesSettlement.com, and Lead Counsel, given potential changes as a result of the COVID-19 pandemic.

78. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

79. If you purchased or otherwise acquired Loop common stock between September 24, 2018 and October 12, 2020, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *Loop Industries, Inc. Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, P.O. Box 230, Media, PA, 19063. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.05 per name and address provided to the Claims Administrator; up to $0.05 per Notice Packet or Postcard Notice actually mailed, plus postage at the rate used by Claims Administrator; or up to $0.05 per link to the Notice Packet transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.LoopIndustriesSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-866-274-4004.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

80. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator,

www.LoopIndustriesSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| | | |
|---|---|---|
| *Loop Industries, Inc. Securities Litigation*<br>c/o Strategic Claims Services<br>600 N. Jackson St., Suite 205<br>P.O. Box 230<br>Media, PA 19063<br>Toll-free: (866) 274-4004<br>Email: info@strategicclaims.net<br>www.LoopIndustriesSecuritiesSettlement.com | and/or | Leanne H. Solish, Esq.<br>Glancy Prongay & Murray LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Telephone: (888) 773-9224<br>Email: settlements@glancylaw.com<br><br>Murielle J. Steven Walsh, Esq.<br>Pomerantz LLP<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Telephone: (212) 661-1100<br>Email: mjsteven@pomlaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: September 16, 2022                    By Order of the Court
                                            United States District Court
                                            Southern District of New York

16

*In re Loop Industries, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Toll-free: (866) 274-4004
Email: info@strategicclaims.net
www.LoopIndustriesSecuritiesSettlement.com

## <u>PROOF OF CLAIM AND RELEASE FORM</u>

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it online at www.LoopIndustriesSecuritiesSettlement.com or mail it by first-class mail to the above address, **submitted online or postmarked no later than February 15, 2023.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| <u>TABLE OF CONTENTS</u> | <u>PAGE #</u> |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **18** |
| **PART II – GENERAL INSTRUCTIONS** | **19-21** |
| **PART III – SCHEDULE OF TRANSACTIONS IN LOOP COMMON STOCK** | **22** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **23-24** |

## PART I – CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                          State        Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)              Telephone Number (work)

E-mail address (E-mail address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (account(s) through which the securities were traded)[6]

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)   ☐ Pension Plan   ☐ Trust
- ☐ Corporation                                  ☐ Estate
- ☐ IRA/401K                                      ☐ Other _____ (please specify)

---

[6] If the account number is unknown, you may leave blank.  If the same legal entity traded through more than one account you may write "multiple."  Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

18

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice. The Settlement Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons and entities who or which purchased or otherwise acquired Loop Industries, Inc. ("Loop") common stock ("Loop common stock") on an open market located within the United States, including but not limited to the NASDAQ stock exchange or another domestic exchange, between September 24, 2018 and October 12, 2020, inclusive (the "Settlement Class Period"), and who were damaged thereby (the "Settlement Class"). All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.      Excluded from the Settlement Class are: (1) persons who suffered no compensable losses; and (2) (a) Defendants; (b) Northern Private Capital Ltd., Northern Private Capital Fund I Limited Partnership, Northern Private Capital Fund I Non-Resident Limited Partnership (collectively, "Northern Private"); (c) any person who served as a partner, control person, executive officer, and/or director of Loop or Northern Private during the Settlement Class Period, and members of their immediate families; (d) present and former parents, subsidiaries, assigns, successors, predecessors, and affiliates of Loop and Northern Private; (e) any entity in which the Defendants or Northern Private have or had a controlling interest; (f) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his or her Immediate Family; (g) Defendants' liability insurance carriers; (h) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (a) through (g) hereof; and (i) members of the Immediate Families of the Individual Defendants. Also excluded from the Settlement Class are any persons and entities who or which validly exclude themselves by submitting a request for exclusion that is accepted by the Court.

4.      If you are not a Settlement Class Member do not submit a Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class. Thus, if you are a Class Member, the Judgment will release, and you will be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting each and every Released Plaintiffs' Claims (including Unknown Claims) against Defendants' Releasees.

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details

19

of your transaction(s) (including free transfers) in and holdings of the applicable Loop common stock. On the Schedule of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable Loop common stock, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.      Please note: Only Loop common stock purchased/acquired during the Settlement Class Period (*i.e.*, from September 24, 2018 to October 12, 2020, inclusive) are eligible under the Settlement. However, because the Plan of Allocation incorporates the "90-day lookback" provision of the PSLRA (described in the Plan of Allocation set forth in the Settlement Notice), you must provide documentation related to your purchases and sales of Loop common stock during the period from October 13, 2020, through and including January 8, 2021 (*i.e.*, the 90-Day Lookback Period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim.

10.     You are required to submit genuine and sufficient documentation for all of your transactions and holdings of Loop common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Loop common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.     Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.     All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired Loop common stock during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Loop common stock during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Loop common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.     By submitting a signed Claim Form, you will be swearing that you:

(a)      own(ed) the Loop common stock you have listed in the Claim Form; or

20

(b)    are expressly authorized to act on behalf of the owner thereof.

15.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

17.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, Strategic Claims Services, at the above address, by email at info@strategicclaims.net or by toll-free phone at (866) 274-4004, or you can visit the settlement website, www.LoopIndustriesSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

19.    NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at https://www.strategicclaims.net/institutional-filers/ or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.

20.    NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.LoopIndustriesSecuritiesSettlement.com.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

<div align="center">

**IMPORTANT: PLEASE NOTE**

</div>

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

## PART III – SCHEDULE OF TRANSACTIONS IN LOOP COMMON STOCK

Complete this Part III if and only if you purchased/acquired Loop common stock during the period from September 24, 2018 through and including October 12, 2020.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above.  Do not include information in this section regarding securities other than Loop common stock purchased.

**1.  BEGINNING HOLDINGS** – State the total number of shares of Loop common stock held as of the close of trading on September 23, 2018.  (Must be documented.)  If none, write "zero" or "0."

_____

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH JANUARY 8, 2021** – Separately list each and every purchase/acquisition (including free receipts) of Loop common stock from after the opening of trading on September 24, 2018, through and including the close of trading on January 8, 2021.  (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**3.  SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH JANUARY 8, 2021** – Separately list each and every sale/disposition (including free deliveries) of Loop common stock from after the opening of trading on September 24, 2018, through and including the close of trading on January 8, 2021.  (Must be documented.)

**IF NONE, CHECK HERE**  ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

**4.  ENDING HOLDINGS –** State the total number of shares of Loop common stock held as of the close of trading on January 8, 2021.  (Must be documented.)  If none, write "zero" or "0."

_____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** 
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED**

22

***PART VI – RELEASE OF CLAIMS AND SIGNATURE***

***YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 24 OF THIS CLAIM FORM.***

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated May 17, 2022 ("Stipulation"), I (we), on behalf of myself (ourselves) and my (our) successors and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Settlement Notice) against Defendants' Releasees (as defined in the Stipulation and in the Settlement Notice) and shall forever be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum asserting any or all of the Released Plaintiffs' Claims against any Defendants' Releasee.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.      that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page 19 of this Claim Form, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page 19 of this Claim Form;

3.      that I (we) own(ed) the Loop common stock identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Loop common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

7.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

23

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                                              Date

_____

Print your name here

_____

Signature of joint Claimant, if any                                          Date

_____

Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant                    Date

_____

Print your name here

_____

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*.  (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE 20 OF THIS CLAIM FORM.)

### REMINDER CHECKLIST:

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.
2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.
3. Please do not highlight any portion of the Claim Form or any supporting documents.
4. Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.
5. Keep copies of the completed Claim Form and all supporting documentation for your own records.
6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.**
7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.
8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or toll-free at (866) 274-4004 or visit www.LoopIndustriesSecuritiesSettlement.com.  Please DO NOT call Loop or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN FEBRUARY 15, 2023**, ADDRESSED AS FOLLOWS:

*In re Loop Industries, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Toll-free: (866) 274-4004
Fax: (610) 565-7985
Email: info@strategicclaims.net

OR SUBMITTED ONLINE AT WWW.LOOPINDUSTRIESSECURITIESSETTLEMENT.COM **ON OR BEFORE FEBRUARY 15, 2023**.

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before February 15, 2023, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

*In re Loop Industries, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

# INVESTOR'S BUSINESS DAILY

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

| | |
|---|---|
| Name of Publication: | IBD Weekly |
| Address: | 5900 Wilshire Blvd. |
| City, State, Zip: | Los Angeles, CA 90036 |
| Phone #: | 323.936.0314 |
| State of: | California |
| County of: | Los Angeles |

I, __Shaun Shen__ for the publisher of __IBD Weekly__ , published in the city of __Los Angeles__ , state of __California__ , county of __Los Angeles__ hereby certify that the attached notice(s) for LOOP INDUSTRIES, INC. was printed in said publication on the following date(s):

**OCTOBER 31, 2022**

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __31st__ day of __October__ , __2022__ , by

_____ , proved to me on the basis of satisfactory evidence to be the person(s) who

appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

The following page contains extensive mutual fund performance tables arranged in multiple columns. Each entry lists the fund rating, fund name, and performance figures under the column headers:

| 36 Mo Rating | Fund | YTD % Chg | 12Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | Chg |
|---|---|---|---|---|---|---|

**Domini Funds**
| | | | | | | |
|---|---|---|---|---|---|---|
| C | &CoxIntlSt | -15 | -7.2 | 0.0 | 39.99s | -0.30 |
| A+ | & Cox Stck | -10 | -3 | +6 | 26.14s6 | -0.49 |

**DoubleLine Funds**
| B | $ 1.7 bil 800-582-6757 | | | | | |
| A+ | ImpctEquity | -26 | -9 | +6 | 25.86s6 | -0.20 |
| | $ 60.2 bil 877-354-6311 | | | | | |
| C | Dr Fxd In | -15 | -7 | -1.0 | 9.09 | 0.04 |
| C- | Low Dur Bd | -4 | -1 | 0 | 9.34 | 0.00 |
| B+ | Sh En CAPE | -13 | -16 | +6 | 13.35 | -0.02 |
| B- | Tot Rtrn | -14 | -7 | -1.0 | 8.74 | 0.03 |

**Driehaus Sm Cap Gr**
| C | $ 438 mil 800-560-6111 | | | | | |
| A- | Sm Cap Gr | -31 | +1 | +14 | 16.76 | 0.05 |

**DWS Funds A**
| B | $ 16.6 bil 800-728-3337 | | | | | |
| A | Sci & Tech | -36 | -13 | +8 | 23.34 | -0.39 |

**DWS Funds Inst**
| A | $ 2.1 bil 800-728-3337 | | | | | |
| B+ | Enh Com S | +0 | -7 | +4 | 6.02 | -0.02 |
| B | BREEFRIAsse | -13 | -11 | +5 | 10.95 | 0.04 |

**DWS Funds S**
| B | $ 16.6 bil 800-728-3337 | | | | | |
| A+ | Capital Gr | -31 | -11 | +8 | 87.63s | -0.79 |
| C | Core Eqty | -16 | -5 | +7 | 27.93s | -0.20 |
| A | Eq 500 Ix | -19 | -6 | +6 | 165.26s | -1.0 |
| B | H&W | -11 | -2 | +5 | 38.46s | -0.32 |
| A | LC Foc Gr | -33 | -11 | +9 | 56.01s | -0.36 |
| A+ | S&P 500 Ix | -19 | -6 | +8 | 35.73s | -0.22 |

**Eaton Vance Funds A**
| B | $ 17.4 bil 800-262-1122 | | | | | |
| A | VanceDivBld | -14 | -5 | +6 | 16.77 | 0.03 |
| A | Vance Gro | -29 | -8 | +6 | 28.20 | -0.27 |
| A | VanceTMVal | -13 | -3 | +5 | 33.93 | 0.04 |
| A | VanceTMG1.1-21 | -6 | +7 | 74.14 | -0.42 | |
| A | VanceTMG1.2-21 | -6 | +7 | 33.31 | -0.19 | |
| A+ | VanceWwH&S | -14-7 | +6 | 12.63 | -0.09 | |

**Eaton Vance Funds Atlanta I**
| B | $ 504 mil 800-262-1122 | | | | | |
| A+ | VanceACForC | -24 -9 | +12 | 13.11 | -0.09 | |

**Eaton Vance Funds I**
| B | $ 20.6 bil 800-262-1122 | | | | | |
| A | VanceACSMID-12 | -3 | +8 | 36.10 | 0.15 | |
| C- | VanceFltRt | -4 | -1 | +1 | 8.13 | 0.00 |
| A | VanceFocVIO | -5 | -1 | +7 | 18.37 | 0.07 |
| C | Vance FR Av | -5 | -1 | +1 | 9.59 | 0.01 |
| A | VanceLCVal | -5 | +0 | +7 | 22.98 | 0.06 |
| C | VanceSDGInc | -2 | -2 | 0 | 7.61 | 0.01 |

**Edgewood Growth Institutional**
| B | $ 18.4 bil 800-791-4226 | | | | | |
| B- | Growth | -42 | -12 | +6 | 35.23 | -0.10 |

**EIC Value Fund**
| B | $ 214 mil 855-430-6487 | | | | | |
| A | Value Fund | -3 | -2 | +6 | 15.43 | -0.06 |

**EM Funds**
| B | $ 561 mil 866-831-7129 | | | | | |
| A | LargeCapGro-23 | -5 | +9 | 8.21 | -0.03 | |
| A | LargeCapVal | -6 | -1 | +4 | 7.34 | 0.00 |
| A | S&P 500 Idx | -19 | -6 | +7 | 25.55 | -0.15 |
| A | S&PMC400Idx | -15-3 | +4 | 17.55 | 0.01 | |
| A | S&PSC600Idx | -16 | -4 | +3 | 12.00 | 0.04 |
| A+ | Sm Cap Val | -11 | -2 | +2 | 6.99 | 0.03 |

**Emerald:Growth**
| B | $ 690 mil 855-828-9909 | | | | | |
| B- | Growth | -23 | +1 | +4 | 22.38 | -0.12 |

**Eventide Div Opp**
| B | $ 346 mil 877-771-3836 | | | | | |
| A | Div Opp | -24 | -9 | +7 | 13.32 | 0.03 |

**Eventide Gilead**
| B | $ 2.6 bil 877-771-3836 | | | | | |
| A | Gilead | -32 | -6 | +10 | 46.00 | 0.14 |

## –F–

**FAM Dividend Focus**
| B | $ 551 mil 800-932-3271 | | | | | |
| A- | DividendFoc | -17 | -4 | +9 | 43.76s | 0.16 |

**Federated Hermes A**
| B | $ 12.6 bil 800-341-7400 | | | | | |
| A | Hrms Eq I | -10 | -3 | +2 | 21.50 | 0.02 |
| A | Hrms MDT L | -9 | -1 | +4 | 28.42 | -0.23 |
| A | Hrms MDT MG-26 | -6 | +5 | 35.67 | -0.21 | |

**Federated Hermes Int**
| B | $ 15.8 bil 800-341-7400 | | | | | |
| C- | Hrms In HYB -12 | -3 | 0 | 8.31 | 0.04 | |
| A | Hrms MDT AC-17 | -3 | +10 | 33.47 | -0.33 | |
| A | Hrms MDT SC-23 | -6 | +3 | 20.20 | 0.01 | |
| A+ | Hrms TR Bd | -14 | -7 | 0 | 9.33 | 0.04 |

**Federated Hermes IS**
| B | $ 25.6 bil 800-341-7400 | | | | | |
| A | Hrms Kau SC-31 | -5 | +8 | 41.76 | -0.10 | |
| B+ | Hrms SVO | +0 | -4 | +2 | 5.83 | 0.01 |
| A | Hrms UlSh | -2 | +0 | +1 | 8.94 | 0.01 |

**Federated Hermes R**
| B | $ 3.9 bil 800-341-7400 | | | | | |
| A | Hrms Kauf | -30 | -5 | +3 | 4.71 | -0.02 |

**Federated Hermes Svc**
| B | $ 730 mil 800-341-7400 | | | | | |
| A- | Hrms MC Id | -15 | -3 | +2 | 16.50s | 0.00 |

**Fidelity Funds**
| B | $ 839 bil 800-544-8544 | | | | | |
| A+ | 500IndexFun-19 | -6 | +9 | 132.16s | -0.81 | |

**Fidelity Adv Focus Funds A**
| B | $ 3.7 bil 877-208-0098 | | | | | |
| A | Adv Tech | -35 | -12 | +10 | 65.25 | -0.59 |

**Fidelity Adv Funds**
| B | $ 19.2 bil 877-208-0098 | | | | | |
| A | Adv Str In | -13 | -5 | 0 | 10.72s | 0.05 |

**Fidelity Adv Funds A**
| B | $ 28.8 bil 877-208-0098 | | | | | |
| A- | Adv Bal | -20 | -7 | +4 | 21.88 | -0.10 |
| A | Adv Cns Stp | -6 | -5 | +2 | 88.35 | -0.17 |
| A | Adv Eq Inc | -5 | -4 | +2 | 29.52 | 0.06 |
| A | Adv Gr&Inc | -7 | -4 | +3 | 30.63 | -0.05 |
| A | Adv Lev Co | -23 | -6 | +4 | 39.27 | -0.19 |
| A | Adv Lg Cap | -10 | -2 | +2 | 33.74 | -0.15 |
| A | Adv Mid Cap27 | -17 | +4 | 19.18 | -0.10 | |
| A | Adv Semicnd-39 | -18 | +13 | 34.62 | -0.17 | |
| A | Adv Sm Cap | -22 | -4 | +2 | 24.86 | -0.04 |
| A | Adv SS MC | -16 | -6 | +3 | 35.60 | -0.05 |
| A | AdvStkSIAC | -20 | -5 | +6 | 55.11 | -0.44 |

**Fidelity Adv Funds I**
| B | $ 57.4 bil 877-208-0098 | | | | | |
| A- | Adv Bal | -19 | -7 | +6 | 22.45 | -0.10 |
| A | Adv Biotech | -11 | +8 | +4 | 26.33 | -0.29 |
| A | Adv Energy | +66 | +18 | +5 | 47.62 | 0.02 |
| A | Adv G CT Val-19 | +2 | +9 | 19.59 | -0.04 | |
| A- | Adv Gr Opp | -36 | -8 | +14 | 101.97 | -0.89 |
| A+ | Adv Hlth | -4 | +3 | 62.16 | -0.69 | |
| C | Adv Intl CA | -31 | -11 | +2 | 21.90 | -0.28 |
| A | Adv MA Inc | -15 | -6 | +3 | 12.32 | -0.06 |
| A- | Adv Matrls | -15 | -1 | +2 | 92.69 | -0.20 |
| A+ | Adv New Ins | -28 | -7 | +6 | 29.73 | -0.52 |
| A | Adv SC Val | -15 | -3 | +3 | 23.94 | -0.07 |
| A+ | Adv SC Val | -15 | -4 | +4 | 17.46 | 0.01 |
| A | Adv SSC TIE | -12 | -6 | +3 | 18.20 | -0.10 |
| A | Adv Tot Bd | -15 | -7 | -1.0 | 9.16 | 0.04 |
| A | Adv US Val | -5 | -3 | +4 | 12.39 | -0.10 |

**Fidelity Adv Funds M**
| B | $ 13.2 bil 877-208-0098 | | | | | |
| A- | Adv Eq Gro | -22 | -9 | +12 | 57.20 | -0.08 |

**Fidelity Funds I**
| B | $ 4.4 bil 877-208-0098 | | | | | |
| C | Csv Inc Bd | -4 | -1 | +1 | 9.97 | 0.00 |

**Fidelity Funds IP**
| B | $ 256 bil 877-208-0098 | | | | | |
| C | Freedom1202-18 | -4 | 14.01 | 0.01 | | |
| C | Freedom1207-19 | -5 | 15.45 | 0.00 | | |
| C | Freedom1205-20 | -6 | +2 | 15.56 | -0.02 | |
| B- | Freedom1201-22 | -8 | -3 | 18.33 | -0.05 | |
| B- | Freedom1204-22 | -8 | -3 | 18.51 | -0.08 | |

**Federated Hermes:Kaufmann** (continued)

**Fidelity (cont.)**
| C | Ds Val | -7 | -1 | +5 | 21.90 | 0.00 |
| A | DVMC | -10 | -2 | +4 | 24.93 | 0.15 |

**JOHCM Intl Select**
| B | $ 7.3 bil 866-260-9549 | | | | | |
| D | Intl Select | -39 | -14 | -1.0 | 18.46 | -0.29 |

**John Hancock**
| B | $ 25.3 bil 800-225-5291 | | | | | |
| D | HancockBond-17 | -7 | -1.0 | 13.07 | 0.06 | |
| A- | HancockClsc | -8 | -1 | +2 | 36.78 | 0.10 |
| A- | Cap Ap | -35 | -8 | +6 | 11.27 | -0.12 |
| A | New Opp | -21 | -4 | 0 | 24.51 | -0.05 |
| C | IntG | -33 | -12 | 0 | 23.24 | -0.19 |

**John Hancock Class 1**
| B | $ 24.4 bil 800-225-5291 | | | | | |
| B- | MM Ls Bl | -19 | -7 | +1 | 12.37 | -0.01 |
| B | MM Ls Gr | -20 | -7 | -2 | 13.02 | -0.03 |

**John Hancock Funds**
| B | $ 1.9 bil | | | | | |
| A | HancockFdmn-24-10 | +6 | 57.19 | -0.58 | | |
| D | US Gro | -24 | -6 | +7 | 19.24 | -0.14 |
| A | HancockRegB-10+2 | +2 | 29.03 | 0.10 | | |

**John Hancock Funds A**
| B | $ 15.5 bil 800-225-5291 | | | | | |
| A- | HancockFinI | -13 | +2 | +2 | 16.76 | 0.14 |

**John Hancock Instl**
| B | $ 3.7 bil 888-972-8696 | | | | | |
| A+ | HancockUSGl-30 | -9 | +8 | 53.78 | -0.31 | |

**JPMorgan**
| B | $ 4.1 bil 800-480-4111 | | | | | |
| E | Erm Mkt Eq | -35 | -15 | -1.0 | 24.68 | -0.09 |
| A- | EqtyPrmInc | -8 | -3 | +4 | 13.36 | 0.04 |
| A | Equity Idx | -19 | +7 | 57.17 | -0.35 | |
| A | Equity Inc | -5 | -1 | +7 | 22.18 | 0.03 |
| A | Gro Advtg | -29 | -9 | +12 | 24.94 | -0.15 |
| B+ | Hedged Eq | -12 | -6 | 23.62 | -0.06 | |
| C | Inc Bldr | -16 | -6 | -1.0 | 9.01 | 0.01 |
| D | Income | -9 | +4 | 8.20 | 0.03 | |
| C | Int TF Bd | -12 | -6 | 9.56 | -0.02 | |
| D | Intl Eq | -28 | -9 | -1.0 | 15.12 | -0.15 |
| A+ | LgCp Gro | -24 | -5 | +13 | 49.05 | -0.24 |
| A+ | LgCp Val | -10 | -2 | +6 | 18.39 | -0.03 |
| A | MdCp Eq | -17 | -4 | +6 | 51.05 | 0.13 |
| A | MdCp Gro | -27 | -4 | +8 | 39.12 | 0.04 |
| D | Mgd Inc | -10 | -6 | -1.0 | 18.29 | -0.05 |
| A | SC Blend | -17 | -3 | +4 | 27.51 | 0.07 |
| C | ShDurCore+ | -7 | -3 | 8.81 | 0.00 | |
| C | Str Inc Opp | -6 | -1 | +1 | 11.37 | -0.03 |
| A | US Eq | -20 | -6 | +8 | 17.68 | -0.10 |
| A | US GARP Eq | -27 | -9 | +8 | 50.06 | -0.55 |
| A | US Sm Co | -17 | -3 | +5 | 16.18 | -0.02 |
| A | US Value | -6 | +0 | +5 | 66.92 | 0.03 |
| A+ | Val Advtg | -5 | +1 | +5 | 37.52 | 0.05 |

**JPMorgan A Class**
| B | $ 43.8 bil 800-480-4111 | | | | | |
| B- | Inv Bal | -16 | -6 | +1 | 14.14 | 0.00 |
| C | Inv Csv Gr | -15 | -6 | 0 | 11.63 | 0.02 |
| B- | Inv Gr&Inc | -17 | -6 | +2 | 16.59 | -0.02 |
| A- | Inv Growth | -19 | -6 | +3 | 20.59 | -0.08 |

**JPMorgan I Class**
| B | $ 77.6 bil 800-480-4111 | | | | | |
| A | TA Equity | -21 | -6 | +8 | 35.75 | -0.34 |
| A+ | US LCC + | -21 | -5 | +6 | 19.13 | -0.12 |

**JPMorgan L Class**
| B | $ 8.8 bil 800-480-4111 | | | | | |
| A- | MdCp Val | -10 | -3 | +4 | 37.39 | 0.14 |

**JPMorgan R Class**
| B | $ 49.8 bil 800-480-4111 | | | | | |
| D | Core Bond | -14 | -7 | -1.0 | 9.96 | 0.02 |
| D | Core PI Bd | -14 | -7 | -1.0 | 7.03 | 0.01 |
| C- | High Yield | -11 | -3 | 0 | 6.15 | 0.00 |
| C | Sh Dur Bd | -5 | -2 | +1 | 10.39 | 0.00 |
| A | SmCp Val | -17 | -3 | +4 | 26.66 | 0.02 |
| A+ | US Res EnEq | -19 | -6 | +8 | 29.37 | -0.22 |

**Kinetics Funds**
| B | $ 1.2 bil 800-930-3828 | | | | | |
| A+ | Paradigm | +25+10 | +14 | 91.84s | 2.21 | |
| A+ | SC Oppty | +27 | +8 | +18 | 125.36s | 2.70 |

**Kopernik Glbl AC**
| B | $ 1.9 bil 855-887-4544 | | | | | |
| A+ | Glbl AC | -17 | +5 | +1 | 11.63 | -0.02 |

**Lazard Instl**
| B | $ 18.6 bil 800-823-6300 | | | | | |
| B- | GlLstdInfr | -6 | -8 | +3 | 14.97 | 0.17 |
| D- | Int Str Eq | -22 | -8 | -1.0 | 12.72 | -0.08 |

**LKCM Funds**
| B | $ 973 mil 800-688-5526 | | | | | |
| A+ | Equity Fund | -17 | -4 | +8 | 32.14 | 0.02 |

**LoCor:Lng/Sh Comm Str**
| B | $ 1.2 bil 855-523-8637 | | | | | |
| A+ | Lng/ShCommS+0+1 | +6 | 11.36 | 0.01 | | |

**LoCor:Macro Strat**
| B | $ 2.1 bil 855-523-8637 | | | | | |
| A+ | Macro Strat | +19 | +6 | 9.88 | -0.03 | |

**LoCor:Mkt Trend**
| B | $ 513 mil 855-523-8637 | | | | | |
| A+ | Mkt Trend | +38 | +7 | +15.83 | -0.05 | |

**Loomis Sayles Fds**
| B | $ 9.7 bil 800-633-3330 | | | | | |
| D | Bond | -15 | -2.0 | 11.33 | 0.03 | |

**Loomis Sayles:SCG**
| B | $ 1.1 bil 800-633-3330 | | | | | |
| A | SCG | -24 | -3 | +5 | 24.72 | -0.12 |

**Lord Abbett A**
| B | $ 44.2 bil 888-522-2388 | | | | | |
| B | AbbettAffil | -13 | +2 | +6 | 15.92 | 0.08 |
| B | AbbettDivGr | -17 | -5 | +5 | 17.10 | -0.02 |
| A- | AbbettFundE-12 | -1 | +2 | 12.21 | 0.06 | |

**Lord Abbett Foc LCV**
| B | $ 203 mil 888-522-2388 | | | | | |
| A | AbbettFocLC-13 | -2 | 13.43 | 0.02 | | |

**Lord Abbett Gr Leadrs**
| B | $ 2.1 bil 888-522-2388 | | | | | |
| A+ | AbbettGrLea | -35 | -11 | +10 | 27.08 | -0.32 |

**Lord Abbett I**
| B | $ 44.5 bil 888-522-2388 | | | | | |
| C- | AbbettBondD-13 | -3 | 6.92 | 0.03 | | |
| A- | AbbettOverE-23 | -5 | +7 | 12.46 | -0.02 | |
| A- | AbbettFltRt | -3 | +0 | 7.84 | 0.01 | |
| C- | AbbettUlSht | -1 | +0 | +1 | 9.40 | 0.00 |

**Lord Abbett Ul Sht Bd**
| B | $ 6.5 bil 888-522-2388 | | | | | |
| C+ | AbbettUlSht-1 | +0 | +1 | 9.93 | 0.00 | |

**LSV Small Cap Value**
| B | $ 348 mil 888-386-3578 | | | | | |
| A | SmallCapVal | -8 | -2 | +2 | 15.99 | 0.04 |

## –M–N–O–

**Maingate:MLP**
| B | $ 747 mil 855-657-3863 | | | | | |
| A+ | MLP | +34 | +7 | +1 | 6.98 | 0.08 |

**MainStay Fds A**
| B | $ 8.4 bil 800-624-6782 | | | | | |
| A+ | WMC Val | -7 | -2 | +7 | 27.70 | -0.08 |

**MainStay Fds I**
| B | $ 3.5 bil 800-624-6782 | | | | | |
| A+ | LCY Mum | -21 | -12 | +4 | 14.02 | 0.05 |
| A+ | IntDur Muni | -12 | -6 | 9.38 | -0.01 | |
| C- | LtdTrmMuni | -4 | -4 | 8.32 | 0.01 | |

**MainStay Instl**
| B | $ 317 mil 800-624-6782 | | | | | |
| A- | MK Convert | -11 | +0 | 18.07 | -0.02 | |
| A | MK HY CB | -9 | +0 | 8.30 | 0.04 | |
| D | MK HY Muni | -20 | -11 | 8.72 | -0.01 | |
| D | MK Tx Fr Bd | -15 | -7 | 10.09 | -0.02 | |
| A- | Winslw LCG | -32 | -8 | 49.13 | 0.06 | |

**Manning&Napier:Disp Val**
| B | $ 206 mil 800-466-3863 | | | | | |
| A- | Disp Val | -8 | -3 | +6 | 8.11s | 0.02 |

**Marsico Funds**
| B | $ 1.2 bil 888-860-8686 | | | | | |

**Gabelli Funds**
| B | $ 7.3 bil 800-422-3554 | | | | | |
| A | Eq Inc | -9 | -2 | 0 | 8.66s | -0.09 |
| A | SC Gro | -16 | -4 | +1 | 39.87s | 0.24 |

**Gartmore Funds**
| B | $ 871 mil 800-848-0920 | | | | | |
| A | Natnwide | -20 | -6 | +6 | 23.59 | -0.17 |

**Gateway:Gateway Fd**
| B | $ 5.6 bil 800-225-5478 | | | | | |
| C+ | Gateway Fd | -13 | -4 | 35.24 | -0.05 | |

**Glenmede:Qnt LCC Eq**
| B | $ 975 mil 800-442-8299 | | | | | |
| A- | Qnt LCC Eq | -17 | -4 | +4 | 24.89s | 0.03 |

**Glenmede:Qnt LCG Eq**
| B | $ 1.3 bil 800-442-8299 | | | | | |
| A+ | Qnt LCG Eq | -21 | -5 | +7 | 27.50s | -0.01 |

**Glenmede:SC Eqty**
| B | $ 644 mil 800-442-8299 | | | | | |
| A+ | SC Eqty | -13 | -3 | +4 | 34.58 | -0.06 |

**GMO Fund**
| B | $ 203 mil | | | | | |
| A+ | USSmallCapV-15 | -5 | 16.13 | 0.09 | | |

**GMO Trust Class VI**
| B | $ 4.0 bil | | | | | |
| A+ | Quality | -18 | -4 | +8 | 24.17 | -0.26 |
| A+ | US Equity | -14 | -4 | +5 | 11.74 | -0.02 |

**Goldman**
| B | $ 3.1 bil 800-621-2550 | | | | | |
| C+ | Abs Rtn Tkr | -8 | -3 | +1 | 9.00 | -0.02 |
| B- | AbsRet MuI | -16 | -6 | +1 | 63.89s | -0.64 |
| B- | Commr Str | +16 | +6 | 14.29 | 0.02 | |
| D- | DynMuniInc | -13 | -6 | +1 | 14.27 | 0.00 |
| A- | Energy Inf | +22 | +3 | +1 | 11.21 | 0.12 |
| A+ | Equity Inc | -8 | -1 | +5 | 14.33 | 0.01 |
| B | GQG Prts I0 | -17 | -6 | +6 | 12.31 | -0.07 |
| D | Hi Yld Mun | -18 | -10 | 8.45 | 0.00 | |
| C | HY Float Rt | -4 | +0 | 8.64 | 0.00 |
| A+ | LC Gro Ins | -27 | -8 | +6 | 26.45s | 0.11 |
| A | Lrg Cp Core | -21 | -5 | +5 | 25.37 | -0.13 |
| A+ | Mgd Fut Str +22 | +5 | +7 | 12.31 | -0.07 | |
| A | Mid Cap Gro | -28 | -5 | +4 | 16.69 | -0.06 |
| A | Mid Cap Val | -13 | -3 | +4 | 35.59 | 0.09 |
| A- | MLP En Infr | +28 | +7 | 29.70 | 0.30 | |
| A+ | Ris Div Gro | -10 | -3 | +4 | 50.92 | 0.26 |
| A+ | SC Val Ins | -12 | -4 | +3 | 26.54 | 0.09 |
| C | ShDur TxFr | -5 | -3 | 10.07 | 0.00 | |
| A | Sm/Md Cp Gr-28 | -3 | +6 | 19.30 | 0.02 | |
| B | Tct TIt Ovr | -1 | -1 | 10.14 | 0.01 |
| B+ | Tx-Adv GE | -17 | -5 | 18.23 | -0.07 |
| A | USEqDiv&Prm-16 | -6 | +5 | 17.41 | -0.18 | |
| A | US Eqty Ins | -19 | -5 | +5 | 47.41 | -0.18 |
| A | US TM Eqty | -20 | -4 | 31.03 | -0.11 | |

**Gotham**
| B | $ 14 bil 877-974-6852 | | | | | |
| A | Index Plus | -13 | -3 | +8 | 18.58 | -0.20 |

**GPS II:Mgd Fut Str**
| B | $ 429 mil 888-278-5809 | | | | | |
| A+ | Mgd Fut Str +61 | +11 | +11 | 15.04 | -0.04 | |

**GQG Partners EM Eq**
| B | $ 9.5 bil 866-362-8333 | | | | | |
| B- | PartnersEME-22 | -5 | 13.17 | 0.07 | | |

**GQG Partners GQ Eq**
| B | $ 1.1 bil 866-362-8333 | | | | | |
| B | PartnersGQE -7 | -3 | 15.42 | 0.01 | | |

**GQG Partners US SQE**
| B | $ 1.2 bil 866-362-8333 | | | | | |
| A+ | PartnersUSS -3 | -4 | 16.20 | 0.00 | | |

**Green Century**
| B | $ 934 mil 800-221-5519 | | | | | |
| A | Equity | -25 | -9 | +8 | 58.15s | -0.11 |

**Guggenheim Funds Tru**
| B | $ 27.2 bil 800-820-0888 | | | | | |
| A | Lg Core | -22 | -12 | +7 | 22.46 | -0.14 |
| C | Macro Op | -11 | -4 | 22.42 | 0.00 | |
| A | SMC Val | -5 | -1 | +3 | 35.76 | 0.28 |

**J Hancock SmCp Core**
| B | $ 538 mil 888-972-8696 | | | | | |
| A+ | HancockSmCp-18-5 | +4 | 13.87 | 0.00 | | |

**Janus Henderson D**
| B | $ 2.4 bil 800-525-0020 | | | | | |
| A- | Contrarian | -25 | -9 | +8 | 22.22s | -0.05 |
| A | Enterprse | -20 | -6 | +7 | 132.89s | -0.64 |
| A+ | Forty | -35 | -9 | +8 | 52.87s | -0.40 |
| A+ | Glb Lf Sci | -4 | +2 | 62.89s | -0.64 | |
| B- | Glb Select | -16 | -6 | +3 | 40.66s | -0.28 |
| A | Gro & Inc | -17 | -5 | +7 | 47.39s | -0.15 |

**Janus Henderson I**
| B | $ 10.3 bil 800-525-0020 | | | | | |
| B+ | Balanced | -18 | -6 | +3 | 37.28 | -0.04 |
| A- | Enterprise | -19 | -7 | +8 | 150.09 | -0.73 |
| A- | Euro Foc | -25 | -9 | 35.06 | -0.43 | |
| A- | Euro Foc | -25 | -9 | 36.92 | -0.45 | |
| A+ | Quality Gr | -20 | -7 | +6 | 14.72 | -0.03 |

**Jensen Quality Gr**
| B | $ 4.7 bil 800-992-4144 | | | | | |
| A+ | Quality Gr | -20 | -7 | +6 | 14.72 | -0.03 |

**JHF III DispVal**
| B | $ 30.1 bil 888-972-8696 | | | | | |

**John Hancock Class 1**
| A+ | Foc | -31 | -9 | +8 | 18.93s | -0.15 |
| A | Grow | -35 | -11 | +7 | 14.40s | -0.10 |

**MassMutual Select**
| B | $ 12.7 bil 888-309-3539 | | | | | |
| A | Eq Op | -9 | -3 | +6 | 18.04 | 0.02 |
| A | Fnd V | -6 | -1 | +3 | 9.42 | 0.01 |
| B | MCG | -26 | -7 | +5 | 19.46 | -0.02 |
| A | S&P500 | -19 | -6 | +6 | 16.93 | -0.10 |
| A- | SCG | -25 | -3 | +6 | 12.74 | -0.02 |

**Matthews Asia:EM F**
| B | | | | | | |
| A+ | EM SC | -24 | -8 | +6 | 22.80 | 0.31 |

**Matthews Asia:Pac**
| B | $ 3.9 bil 800-789-2742 | | | | | |
| D- | Pac | -32 | -18 | -1.0 | 18.62 | -0.14 |

**Matthews Asian Funds**
| B | $ 5.0 bil 800-789-2742 | | | | | |

**Mercer:NonUS Core Eq**
| B | $ 3.3 bil 866-658-9896 | | | | | |
| C | NonUSCoreEq-24 | -7 | -1.0 | 8.52 | -0.03 | |

**Mercer:US LC Eqty**
| B | $ 1.2 bil 866-658-9896 | | | | | |
| A | US LC Eqty | -22 | -5 | +3 | 9.90 | -0.05 |

**Mercer:US S/MC Eqty**
| B | $ 1.57 bil 866-658-9896 | | | | | |
| A | US/MCEqty -17 | -4 | +3 | 10.56 | 0.01 | |

**Merger Fund**
| B | $ 3.6 bil 800-343-8959 | | | | | |
| C+ | Fund | +0 | +1 | +3 | 17.46 | 0.01 |

**Meridian Funds**
| B | $ 1.6 bil 800-446-6662 | | | | | |
| A+ | Contrarian | -18 | -4 | +6 | 37.53s | -0.03 |

**Metropolitan West**
| B | $ 73.5 bil 800-241-4671 | | | | | |
| D- | Total Rtn | -17 | -8 | -1.0 | 8.87 | 0.05 |

**MF Funds A**
| B | $ 54.3 bil 800-225-2606 | | | | | |
| A | Core Equity | -18 | -5 | +7 | 39.01 | -0.12 |
| A | Equity Inc | -11 | -2 | +4 | 17.88 | 0.03 |
| A | GrowthAlloc | -20 | -7 | +3 | 20.96 | -0.03 |
| A | MassInvGro | -23 | -11 | +9 | 32.75 | -0.19 |
| A | Mass Inv Tr | -18 | -7 | +5 | 33.19 | -0.14 |
| A | Modt Alloc | -18 | -7 | +2 | 17.49 | 0.00 |
| A- | TotalReturn | -13 | -4 | +2 | 18.59 | 0.04 |

**MF Funds I**
| B | $ 492 mil 800-225-2606 | | | | | |
| A | BlendRsrchC-16 | -4 | +7 | 28.11 | -0.11 | |
| E | EM Debt | -22 | -6 | -3.0 | 10.80 | 0.06 |
| C- | Intl Dvs | -25 | -10 | +1 | 18.71 | -0.14 |
| A | Research | -18 | -5 | +7 | 50.91 | -0.23 |
| A- | Value | -10 | -2 | +6 | 48.29 | 0.16 |

**MF Funds R6**
| B | $ 310 mil 800-225-2606 | | | | | |
| A | BlendResMCE-13 | -1 | +5 | 11.85 | 0.08 | |
| A | CommodityS1+13-8 | +4 | 64.11 | -0.03 | | |
| E | EmergMktsEq-31-15-4.0 | | 25.88 | 0.13 | | |
| B | Growth | -31 | -11 | +10 | 134.5 | -1.1 |
| C | Intl Growth | -22 | -8 | +3 | 33.83 | -0.35 |
| C | IntlIntvVal | -29 | -10 | +1 | 37.72 | -0.51 |
| D | IntlNewDisc | -26 | -10 | -1.0 | 28.05 | -0.17 |
| B | MidCapGrowt-30 | -9 | +8 | 23.34 | -0.01 | |
| A | MidCapValue-12 | -3 | +6 | 28.67 | 0.07 | |
| A | NewDiscrVal-14 | -5 | +6 | 17.16 | -0.08 | |
| D | TotRetBond | -16 | -7 | -1.0 | 9.14 | 0.04 |

**Morg Stan I:Intl Adv**
| B | $ 3.0 bil 800-548-7786 | | | | | |
| D | Intl Adv | -41 | -15 | +1 | 17.75 | -0.32 |

**Morg Stan I:UlSh Inc**
| B | $ 4.8 bil 888-378-1630 | | | | | |
| C | Ul-Sh Inc | +0 | +1 | +1 | 9.96 | 0.00 |

**Morgan Stanley Inst**
| B | $ 13.0 bil 800-548-7786 | | | | | |
| A | Inc | -53 | -12 | +7 | 9.21 | -0.05 |

**Munder Funds Cl A**
| B | $ 787 mil 800-539-3863 | | | | | |
| A | Multi-Cap | -18 | -4 | +4 | 46.28 | -0.30 |

**Nationwide Fds R6**
| B | $ 1.6 bil 800-848-0920 | | | | | |
| A | MC Mkt Idx | -15 | -3 | +3 | 15.92 | 0.00 |

**Nationwide Funds**
| B | $ 384 mil 800-848-0920 | | | | | |
| A | S&P 500 | -19 | -6 | +8 | 18.28 | -0.11 |

**Nationwide:BNYM DUSC**
| B | $ 793 mil 800-848-0920 | | | | | |
| A | BNYM DUSC | -23 | -7 | +7 | 11.34 | -0.06 |

**Nationwide:Geneva SCG**
| B | $ 889 mil 800-848-0920 | | | | | |
| A- | Geneva SCG | -24 | -6 | +7 | 67.93 | 0.31 |

**Nationwide:NYSE A**
| B | $ 291 mil 800-848-0920 | | | | | |
| A | NYSE A | -25 | -9 | +7 | 100.13 | -0.65 |

**Natixis Funds**
| B | $ 14.8 bil 800-225-5478 | | | | | |
| C- | Inv GB | -14 | -6 | 9.46 | 0.01 | |
| A- | LS Growth | -28 | -8 | +4 | 24.74 | -0.11 |
| A+ | Oakmark | -14 | -1 | +4 | 24.76 | -0.11 |
| A | US Eq Opp | -22 | -4 | +8 | 32.37 | -0.34 |

**Natixis:AlphaSmplx MFS**
| B | $ 2.4 bil 800-225-5478 | | | | | |
| A+ | AlphaSmplxM+45+11+11 | | 14.48 | -0.04 | | |

**Natixis:Core +**
| B | $ 3.8 bil 800-225-5478 | | | | | |
| D | Core + | -15 | -7 | -1.0 | 11.22 | 0.06 |

**Natixis:VN Select**
| B | $ 267 mil 800-225-5478 | | | | | |
| A+ | VN Select | -19 | -7 | +9 | 16.06 | -0.08 |

**Neuberger Berman Fds**
| B | $ 28.4 bil 800-366-6264 | | | | | |
| B- | LngSh | -8 | -4 | 16.40 | -0.04 | |
| A+ | Intr Val | -20 | -4 | +5 | 18.43 | -0.15 |
| A- | LC Value | -10 | +0 | +4 | 41.78 | 0.08 |
| A | Mid Cp G | -37 | -13 | +7 | 33.62 | 0.26 |
| A- | Mt-Cp Opp | -20 | -4 | +4 | 37.56 | -0.02 |
| A | Sus Eqty | -20 | -7 | +8 | 31.66 | -0.10 |

**Neuberger Berman Inv**
| B | $ 7.2 bil 800-877-9700 | | | | | |
| A+ | Guardian | -24 | -8 | +10 | 20.50s | -0.18 |

**Neuberger Berman Tr**
| B | $ 6.0 bil 800-877-9700 | | | | | |
| A- | Genesis | -19 | -5 | +6 | 60.07s | 0.03 |

**NewAlternativesFd**
| B | $ 987 mil 800-423-8383 | | | | | |
| A- | Alternative | -20 | -15 | +7 | 70.24 | -0.37 |

**Northern Funds**
| B | $ 36.8 bil 800-595-9111 | | | | | |
| A- | SC Core | -16 | -3 | +3 | 24.78 | 0.00 |

**Nuveen AllAm Muni**
| B | $ 3.1 bil 800-257-8787 | | | | | |
| D- | All-Am Muni | -20 | -9 | 9.57 | -0.01 | |

**Nuveen CI I**
| B | $ 3.1 bil 800-257-8787 | | | | | |
| D | HY Muni | -21 | -11 | +1 | 14.02 | 0.05 |

**Nuveen CI R**
| B | $ 18.0 bil 800-257-8787 | | | | | |
| D | IntDurMuni | -12 | -6 | +1 | 8.38 | 0.01 |

**Nuveen Div Gro**
| B | $ 2.3 bil 800-257-8787 | | | | | |
| A | Div Gro | -13 | -3 | +7 | 49.13 | 0.06 |

**Nuveen Fds**
| B | $ 4.1 bil 800-257-8787 | | | | | |
| A+ | Santa Barb | -32 | -9 | +8 | 49.75 | -0.06 |

**Nuveen Pref Sec & Inc**
| B | $ 3.4 bil 800-257-8787 | | | | | |
| C- | PrefSec&Inc | -12 | -5 | +1 | 14.77 | 0.03 |

**Nuveen SD HY Muni**
| B | $ 5.1 bil 800-257-8787 | | | | | |

**Midcap** (cont.)

| C- | SD HY Muni | -10 | -5 | +2 | 9.29 | 0.02 |

**NuveenWinslow LCGESG**
| B | $ 391 mil 800-257-8787 | | | | | |
| A | LCGESG | -33-10 | +8 | 41.71 | -0.15 | |

**Nvgtr Tact Fixed Inc**
| B | $ 6.8 bil 877-766-2264 | | | | | |
| C+ | TactFixedIn | -10 | -1 | +1 | 9.35 | 0.00 |

**O'Shaughnessy Mkt Ld V**
| B | $ 248 mil 877-291-7827 | | | | | |
| A+ | Mkt Ld V | -8 | -1 | +5 | 16.73 | 0.09 |

**Oakmark Funds Invest**
| B | $ 20.5 bil 800-625-6275 | | | | | |
| B+ | Eqty & Inc | -13 | -3 | +3 | 29.69s | -0.06 |
| A+ | Fund | -14 | -1 | +6 | 102.81s | -0.45 |

**Oakmark Internatl**
| B | $ 8.6 bil 800-625-6275 | | | | | |
| D- | Internatl | -26 | -10 | -5.0 | 20.81 | -0.14 |

**Oakmark Select**
| B | $ 2.4 bil 800-625-6275 | | | | | |
| A | Select | -21 | +1 | +5 | 51.02s | -0.75 |

**Optimum Funds Inst**
| B | $ 7.9 bil 800-914-0278 | | | | | |
| A- | Lg Cp Val | -12 | -2 | +5 | 19.01 | 0.01 |
| A+ | S-M Cap Gro | -25 | -6 | +8 | 12.26 | -0.07 |

## –P–Q–R–

**PACE Funds CI P**
| B | $ 5.2 bil 800-647-1568 | | | | | |
| A+ | Lg Co Gr | -26 | -7 | +7 | 19.46 | -0.16 |
| A | S/M Gr | -25 | -2 | +6 | 12.21 | -0.02 |
| A | S/M VI | -12 | -2 | +3 | 21.22 | 0.09 |

**Parametric Comm Str**
| B | $ 1.9 bil 800-262-1122 | | | | | |
| A+ | Comm Str | -17 | -12 | +3 | 7.07 | -0.03 |

**Parnassus:Core Eqty**
| B | $ 13.7 bil 800-999-3505 | | | | | |
| A | Core Eqty | -22 | -9 | +6 | 49.50 | -0.18 |

**Parnassus:Endeavor**
| B | $ 3.1 bil 800-999-3505 | | | | | |
| A+ | Endeavor | -17 | -5 | +8 | 44.67s | -0.03 |

**Parnassus:Mid Cap**
| B | $ 4.5 bil 800-999-3505 | | | | | |
| C+ | Mid Cap | -24 | -11 | +3 | 34.53 | 0.11 |

**Pax Large Cap**
| B | $ 1.3 bil 800-767-1729 | | | | | |
| A- | Large Cap | -21 | -8 | +6 | 29.65 | -0.19 |

**Pax Small Cap**
| B | $ 520 mil 800-767-1729 | | | | | |
| A- | Small Cap | -21 | -1 | +2 | 14.94 | -0.03 |

**Perm Port Funds**
| B | $ 2.9 bil 800-531-5142 | | | | | |
| A- | Perm | -9 | -2 | +4 | 45.29s | -0.06 |

**Praxis:Growth Index**
| B | $ 406 mil 800-977-2947 | | | | | |
| A+ | GrowthIndex-28-10 | +10 | 31.33 | -0.40 | | |

**Praxis:Value Index**
| B | $ 361 mil 800-977-2947 | | | | | |
| A- | Value Index | -10 | -2 | +5 | 15.38 | 0.01 |

**Price Funds I**
| B | $ 3.5 bil 800-638-5660 | | | | | |
| B | PriceQMUSSC-23 | -5 | +5 | 35.95 | -0.18 | |
| A+ | AllCp Opp | -22 | -5 | +11 | 53.21 | -0.23 |
| B- | BC Gro | -37 | -12 | +7 | 113.12 | -1.7 |
| C | Cap App | -14 | -6 | +5 | 31.84 | -0.12 |
| A | Div Gro | -14 | -5 | +9 | 64.30 | -0.05 |
| A | EI 500 | -19 | -6 | +9 | 100.16 | -0.61 |
| A | Eq Inc | -7 | -2 | +4 | 33.08 | -0.02 |
| A | Financial | -12 | +1 | 31.58 | 0.24 | |
| A+ | GrowthStock-37-10 | +5 | 67.00 | -1.9 | | |
| A+ | Hlth Sci | -15 | -2 | +8 | 88.54 | -0.99 |
| A | Intl Disc | -33 | -12 | -1.0 | 54.46 | -0.53 |

**Princeton Premium Stra**
| B | $ 275 mil 888-868-9501 | | | | | |
| A- | PremiumStra +4 | +2 | +4 | 12.12 | 0.00 | |

**Principal Funds Inst**
| B | $ 2.0 bil 800-222-5852 | | | | | |
| A+ | Cap App | -18 | -4 | +4 | 54.81 | -0.12 |
| B+ | Eqty Inc | -14 | -5 | +5 | 34.85 | 0.06 |
| C- | Hi In | -12 | -3 | -1.0 | 7.86 | 0.04 |
| A | LC S&P500 | -19 | -6 | +7 | 18.07 | 0.00 |
| A | LCV III | -8 | -1 | +4 | 8.73 | 0.00 |
| A- | LT 2030 | -19 | -7 | +2 | 13.04 | 0.01 |
| A | MCG III | -27 | -7 | +7 | 31.03 | 0.01 |
| B | MidCap | -25 | -7 | +7 | 31.31 | 0.23 |
| A | Real Est | -27 | -15 | +4 | 25.14 | -0.06 |
| A | SmallCap | -18 | -2 | +4 | 24.88 | 0.09 |
| A- | Sp Prf SI | -14 | -5 | +8 | 8.56 | 0.01 |

**Principal Funds R6**
| B | $ 4.9 bil 800-222-5852 | | | | | |
| A- | Blue Chip | -35 | -10 | +8 | 28.19 | -0.05 |
| A | Core FI | -15 | -7 | -1.0 | 8.26 | 0.04 |
| C | Dvs Intl | -25 | -8 | 8.88 | -0.08 | |
| A+ | LCG I | -33-10 | +8 | 14.90 | -0.10 | |
| A | MC S&P400 | -15 | -3 | +4 | 20.83 | 0.05 |
| A+ | MCV I | -9 | +3 | 16.03 | 0.08 | |
| A+ | SC S&P600 | -16 | -3 | +3 | 29.44 | 0.17 |
| A | SCV II | -10 | -1 | +4 | 11.62 | 0.02 |

**ProFunds Inv Class**
| B | $ 1.6 bil 888-776-3637 | | | | | |
| A+ | UltraNASDAQ-58-25 +15 | | 42.53s | -1.7 | | |

**Putnam Focused Eqty**
| B | $ 411 mil 800-225-1581 | | | | | |
| A | FocusedEqty -15 | -6 | +4 | 24.79 | -0.06 | |

**Putnam Funds Class A**
| B | $ 38.9 bil 800-225-1581 | | | | | |
| A | Conv Sec | -19 | -3 | +5 | 21.44 | 0.00 |
| A+ | GlHealthCr | -14 | -4 | +5 | 57.08 | -0.33 |
| A+ | GrowthOppty-29 | -9 | +9 | 41.52 | -0.36 | |
| A | LargeCpVal | -6 | -1 | +6 | 49.06 | 0.04 |
| A | Research | -18 | -6 | +4 | 30.34 | -0.21 |
| A | Sm Cap Gro | -26 | -3 | +9 | 50.34 | -0.21 |
| A | Sstnbl Ldrs | -23 | -5 | +7 | 95.33 | -0.32 |

**Putnam Funds Class Y**
| B | $ 20.2 bil 800-225-1581 | | | | | |
| C- | UltSht Durl | +0 | +1 | +1 | 9.98 | 0.00 |

**Putnam GI Technology**
| B | | | | | | |

## –S– (right column top)

| A | GS | -30 | -9 | +8 | 44.48 | -0.02 |
| A- | OS | -23 | -3 | +2 | 0.12 | -2.0 |
| A- | LgCp Gro | -33 | -8 | +9 | 49.60 | -0.62 |
| A | LgCp Val | -8 | -3 | +5 | 25.46 | -0.06 |
| B | MdCp Gr | -25 | -7 | +5 | 88.16 | 0.00 |
| A+ | MdCp VI | -8 | -3 | +4 | 30.96 | -0.03 |
| A+ | New Era | +0 | +0 | +3 | 41.83 | 0.05 |
| A- | NewHorizons-35 | -5 | +8 | 50.26 | -0.01 | |
| B- | I2020 | -17 | -6 | +3 | 13.10 | -0.01 |
| B- | I2025 | -18 | -6 | +3 | 13.13 | -0.01 |
| B- | I2030 | -19 | -7 | +3 | 13.28 | -0.02 |
| B- | I2035 | -21 | -7 | +4 | 14.16 | -0.06 |
| B- | I2040 | -22 | -7 | +4 | 14.16 | -0.06 |
| B- | I2045 | -22 | -7 | +4 | 14.49 | -0.06 |
| B- | I2050 | -22 | -7 | +4 | 14.44 | -0.06 |
| B- | I2055 | -22 | -7 | +4 | 14.50 | -0.07 |
| A- | SC Stk | -22 | -2 | +6 | 54.50 | -0.09 |
| A- | SC Val | -17 | -4 | +4 | 51.31 | -0.01 |
| C- | ShTm Bd | -5 | -2 | 0 | 4.46 | 0.01 |
| A- | Mlt | -11 | -5 | 10.73 | 0.01 | |
| A- | Tx-Ef Eq | -30 | -9 | +10 | 42.89 | -0.23 |
| A+ | US ER | -20 | -7 | +9 | 36.35 | -0.23 |
| A | US LCC | -18 | -6 | +8 | 29.55 | -0.10 |
| A- | Val | -14 | -3 | +6 | 40.98 | 0.01 |

This announcement is neither an offer to buy nor a solicitation of an offer to sell securities. Such offer is being made solely by the Offer to Purchase provided to shareholders of record and is not being made to, and tenders will not be accepted from or on behalf of, shareholders residing in any state in which making or accepting the offer would violate that jurisdiction's laws. In those jurisdictions where the securities, Blue Sky, or other laws require the offer to be made by a licensed broker or dealer, the offer shall be deemed to be made on behalf of the Purchaser only by one or more registered dealers licensed under the laws of such jurisdiction.

## NOTICE OF OFFER TO PURCHASE FOR CASH:
### Up to 1,850,000 Shares of common stock of
### INLAND REAL ESTATE INCOME TRUST, INC. (the "REIT")
### at a price of $12.51 per Share
### by: Comrit Investments 1, Limited Partnership (the "Purchaser")

The Purchaser is offering to purchase for cash up to 1,850,000 shares of common stock ("Shares") of the REIT at a price of $12.51 per Share upon the terms and subject to the conditions set forth in the Purchaser's Offer to Purchase and in the related Assignment Form for the offer (which together constitute the "Offer" and the "Tender Offer Documents"). THE OFFER AND RELATED WITHDRAWAL RIGHTS EXPIRE AT 11:59 P.M., EASTERN TIME, ON DECEMBER 29, 2022, UNLESS THE OFFER IS EXTENDED.

The Purchaser is not affiliated with the REIT and is seeking to profit from the Offer. The REIT established an estimated net asset value per Share ("Estimated Per Share NAV") of $20.20 as of December 31, 2021. The REIT may publish an update to the Estimated Per Share NAV during the period in which the Offer is open. Shareholders should consult the REIT's public filings pursuant to the Securities Exchange Act of 1934, as amended (the "Exchange Act"), for any such updates, which are available at www.sec.gov.

Funding for the purchase of the Shares will be provided through the Purchaser's available cash on hand. The Offer is not being made for the purpose of acquiring or influencing control of the business of the REIT. The Offer will expire at 11:59 p.m., Eastern Time on December 29, 2022, unless and until the Purchaser, in its sole discretion, shall have extended the period of time for which the Offer is open (such date and time, as extended the "Expiration Date"). The Purchaser will not provide a subsequent offering period following the Expiration Date. If the Purchaser makes a material change in the terms of the Offer, or if it waives a material condition to the Offer, the Purchaser will extend the Offer and disseminate additional tender offer materials to the extent required by Rules 14d-4(d)(1) and 14d-6(d) under the Exchange Act. The minimum period during which the Offer must remain open following any material change in the terms of the Offer is generally 10 business days to allow for adequate dissemination to shareholders. Accordingly, if prior to the Expiration Date, the Purchaser increases (other than increases of not more than two percent of the outstanding Shares) or decreases the number of Shares being sought, or increases or decreases the consideration offered pursuant to the Offer, and if the Offer is scheduled to expire at any time earlier than the period ending on the tenth business day from the date that notice of such increase or decrease is first published, sent or given to shareholders, the Offer will be extended at least until the expiration of such tenth business day. For purposes of the Offer, a "business day" means any day other than a Saturday, Sunday or federal holiday and consists of the time period from 12:01 a.m. through midnight, Eastern Time. In all cases payment for the Shares purchased pursuant to the Offer will be made only after timely receipt of the Assignment Form (or facsimile or telecopy thereof), properly completed and duly executed, with any required signature guarantees, and any other documents required by such Assignment Form and successful transfer of ownership.

Tenders of Shares made pursuant to the Offer are irrevocable, except that shareholders who tender Shares in response to the Offer will have the right to withdraw their tendered Shares at any time prior to the Expiration Date by sending to Central Trade and Transfer, LLC, an affiliate of Orchard Securities, LLC, Member FINRA/SIPC ("CTT"), a written or facsimile transmission notice of withdrawal identifying the name of the person who tendered Shares to be withdrawn, signed by the same persons and in the same manner as the Assignment Form tendering the Shares to be withdrawn. If tendering shareholders tender more than the number of Shares that the Purchaser seeks to purchase pursuant to the Offer for those Shares, the Purchaser will take into account the number of Shares so tendered and take up and pay for as nearly as may be pro rata, disregarding fractions, according to the number of Shares tendered by each tendering shareholder during the period during which that Offer remains open. The terms of the Offer are more fully set forth in the formal Tender Offer Documents which are available from Purchaser at the Purchaser's expense. The Offer contains terms and conditions and the information required by Rule 14d-6(d)(1) under the Exchange Act which are incorporated herein by reference. The Tender Offer Documents also contain important information, including tax information, which should be read carefully before any decision is made with respect to the Offer.

For copies of the Tender Offer Documents, call CTT at 1-800-327-9990, make a written request addressed to 365 S. Garden Grove Lane, Suite 100, Pleasant Grove, Utah 84062, Attn: Comrit Investments 1, Limited Partnership, email to offer@cttauctions.com, or visit www.cttauctions.com/offerdisclosures.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE LOOP INDUSTRIES, INC. SECURITIES LITIGATION

Case No. 7:20-cv-08538-NSR
Consolidated with:
Case No. 7:20-cv-09031-NSR

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:** All persons and entities who or which purchased or otherwise acquired Loop Industries, Inc. ("Loop") common stock on an open market located within the United States, including but not limited to the NASDAQ stock exchange or another domestic exchange, between September 24, 2018 and October 12, 2020, inclusive, and who were damaged thereby (the "Settlement Class").

PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $3,100,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on January 5, 2023 at 2:00 p.m. via AT&T teleconference, before the Honorable Nelson S. Román, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated May 17, 2022 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved. To access the teleconference, please follow the directions in paragraph 71 of the Notice.

If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund. The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.LoopIndustriesSecuritiesSettlement.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at Loop Industries, Inc. Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, P.O. Box 230, Media, PA, 19063.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form either online at www.LoopIndustriesSecuritiesSettlement.com by 11:59 p.m. EST on February 15, 2023 or postmarked no later than February 15, 2023 to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is received no later than December 8, 2022, in accordance with the instructions set forth in the Notice, to the Claims Administrator. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are received no later than December 8, 2022, in accordance with the instructions set forth in the Notice.

Please do not contact the Court, the Clerk's office, Loop, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to:

Loop Industries, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
P.O. Box 230
Media, PA 19063
Toll-free: (866) 274-4004
Email: info@strategicclaims.net
www.LoopIndustriesSecuritiesSettlement.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Leanne H. Solish, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (888) 773-9224
Email: settlements@glancylaw.com

-and/or-

POMERANTZ LLP
Murielle J. Steven Walsh, Esq.
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Email: mjsteven@pomlaw.com

By Order of the Court

## INVESTOR'S BUSINESS DAILY
### FREE WEBINAR
# STOCK MARKET CHEAT SHEET
November 9
11:30am PT / 2:30pm ET
investors.com/webinar

© 2022 Investor's Business Daily, LLC. Investor's Business Daily, IBD, Leaderboard and corresponding logos are registered trademarks owned by Investor's Business Daily, LLC.

## jbravata@strategicclaims.net

| | |
|---|---|
| **From:** | phhubs@prnewswire.com |
| **Sent:** | Monday, October 31, 2022 9:00 AM |
| **To:** | jbravata@strategicclaims.net |
| **Subject:** | PR Newswire: Press Release Distribution Confirmation for Glancy Prongay & Murray LLP. ID# 3659618-1-1 |

| | |
|---|---|
| **Flag Status:** | Flagged |

Hello

Your press release was successfully distributed at: 31-Oct-2022 09:00:00 AM ET


Release headline: Glancy Prongay & Murray LLP and Pomerantz LLP Announce Proposed Class Action Settlement on Behalf of Purchasers of Loop Industries, Inc. Common Stock
Word Count: 904
Product Selections:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire ID: 3659618-1-1



View your release:* https://www.prnewswire.com/news-releases/glancy-prongay--murray-llp-and-pomerantz-llp-announce-proposed-class-action-settlement-on-behalf-of-purchasers-of-loop-industries-inc-common-stock-301637311.html?tc=eml_cleartime

Thank you for choosing PR Newswire!

Regards,

Your 24/7 Content Services Team
888-776-0942
PRNCS@prnewswire.com

Achieve your communications goals every time you distribute content, with these tips for crafting your next perfect press release: https://www.cision.com/us/resources/tip-sheets/easy-pr-sharing-guide/?sf=false

US Members, find audience, engagement and other key metrics for your release by accessing your complimentary Visibility Reports in the Online Member Center: https://portal.prnewswire.com/Login.aspx

* If the page link does not load immediately, please refresh and try again after a few minutes. < /div>

1