EXHIBIT 15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE UBIQUITI NETWORKS, INC. SECURITIES LITIGATION | Case No. 18-CV-01620 (VM) |
| THIS DOCUMENT RELATES TO: ALL CASES | |

**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT**
**AND ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, an action is pending before this Court entitled *In re Ubiquiti Networks, Inc. Securities Litigation*, Docket No. 1:18-cv-01620-VM (S.D.N.Y.) (the "Action");

WHEREAS, (a) Lead Plaintiff Xiya Qian, on behalf of herself and the Settlement Class (defined below), and (b) defendant Ubiquiti Networks, Inc. (n/k/a Ubiquiti Inc.) ("Ubiquiti"), and defendants Robert Pera, Craig L. Foster, Mark Spragg, and Kevin Radigan (collectively, the "Individual Defendants"; and, together with Ubiquiti, the "Defendants"; and, together with Lead Plaintiff, the "Settling Parties"), have determined to fully, finally and forever compromise, settle, release, resolve, relinquish, waive and discharge each and every Released Claim against the Defendants and the Released Persons on the terms and conditions set forth in the Stipulation of Settlement dated December 2, 2019 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated December 10, 2019 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on March 27, 2020 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b)

1

whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court, having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      **Incorporation of Settlement Documents** – This Judgment incorporates by reference the definitions in the Stipulation, which was filed with the Court on December 2, 2019, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      **Jurisdiction** – This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the "Settlement Class" consisting of all persons or entities that purchased or otherwise acquired Ubiquiti Securities between May 9, 2013 and February 19, 2018, both dates inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants; the present and former officers and directors of Ubiquiti and any subsidiary thereof; and the immediate family members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Settlement Class Period. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto, who or which are excluded from the Settlement Class pursuant to request.

2

4.  **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class, both in terms of litigating the Action and for purposes of entering into and implementing the Settlement, and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.  **Final Settlement Approval and Dismissal of Claims** – Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)     the Stipulation and the Settlement described therein, are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class;

(b)     there was no collusion in connection with the Stipulation;

(c)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)     the record is sufficiently developed and complete to have enabled the Class Representative and Defendants to adequately evaluate and consider their positions.

6.  Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against Defendants and the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

3

7. The finality of this Final Judgment and Order shall not be affected, in any manner, by rulings that the Court may make on Lead Counsel's application for an award of attorneys' fees and expenses or an award to Lead Plaintiff.

8. **Notice** – In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment and Order except those persons listed on Exhibit 1 to this Final Judgment and Order.

9. **Plan of Allocation** – The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

10. **Releases** – Upon the Effective Date, Lead Plaintiff shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release or shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

11. Upon the Effective Date, all Settlement Class Members, and anyone claiming through or on behalf of any of them, will be permanently and forever barred and enjoined from, and shall be deemed to permanently covenant to refrain from, commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any capacity in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting the Released Claims against any of the Released Persons.

12. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff and Lead Counsel from all Defendants' Claims. Claims to enforce the terms of the Stipulation are not released.

13. The Settling Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

14. **No Admissions** – Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or their respective

5

Related Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants or their respective Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (iii) is or may be deemed to be or may be used as an admission, or evidence, that any claim asserted by Lead Plaintiff was not valid in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iv) is or may be deemed to be or may be used as an admission of, or evidence of, the appropriateness of treating the Action as a class action for any other purpose than the Settlement. Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; and (iv) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

16. **Rule 11 Findings** – The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. **Attorney's Fees** – Lead Counsel is awarded attorneys' fees in the amount of $ __5,000,000.00__ , and expenses in the amount of $__91,267.89__ , plus any

6

applicable interest, such amounts to be paid out of the Settlement Fund immediately following entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among other Lead Plaintiff's counsel in the manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.

18. **Lead Plaintiff Award** – Lead Plaintiff is awarded $ 5,000.00 , as a Compensatory Award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

19. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Settling Parties shall revert to their respective pre-mediation positions in the Action, as provided in the Stipulation.

20. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

21. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

IT IS SO ORDERED.

DATED: _March 27, 2020_

Victor Marrero
U.S.D.J.

8

**Exhibit 1**

**List of Persons and Entities Excluded from the Settlement Class Pursuant to Request**

1. Sergey S. Ermolenko
2. Michael J. Smith
3. Robert Gordon Kay, Jr. and Judy White Kay
4. Robert H. Floyd Jr.
5. Scott Paine

9