# EXHIBIT 17

# ORIGINAL

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY [...]
DOC #: _____
DATE FILED: July 18, 2007

---

In re AMERICAN EXPRESS FINANCIAL
ADVISORS SECURITIES LITIGATION

Master File No. 04 Civ. 1773 (DAB)

---

## ORDER AND FINAL JUDGMENT

On July 13, 2007, the Court held a hearing to determine (1) whether the terms and

conditions of the Stipulation of Settlement dated January 18, 2007 ("Stipulation")[1] are fair,

reasonable, and adequate for the settlement of all claims asserted on behalf of the Class in the

above-captioned Action, including the release of Defendants, Nominal Defendants, and the other

Released Persons, and should be approved; (2) whether judgment should be entered dismissing

the Action on the merits and with prejudice in favor of Defendants and Nominal Defendants and

as against all Class Members who are not Opt-Outs; (3) whether the Plan of Allocation proposed

by Plaintiffs' Co-Lead Counsel is a fair, reasonable, and adequate method of allocating the

settlement proceeds among the Class Members; (4) whether and in what amount Plaintiffs'

Co-Lead Counsel should be awarded attorneys' fees and reimbursement of expenses; and (5)

whether and in what amount incentive awards should be given to the lead plaintiffs in the instant

action and in a related action, known as *Haritos v. American Express Financial Advisors, Inc.*,

Case No. 02-2255 PHX-PGR, pending in the United States District Court for the District of

Arizona ("Haritos").

---

1.    All defined terms have the same meaning as defined in the Stipulation of Settlement
dated January 18, 2007.

1

The Court, having considered all matters submitted to it at the hearing and otherwise; and it appearing from the submissions of the parties that, in accordance with the Court's Order Provisionally Certifying Class, Directing Dissemination of Notice, and Setting Settlement Fairness Hearing, dated February 14, 2007 ("Notice Order"), a notice of the Settlement and Final Fairness Hearing, substantially in the form approved by the Court, was mailed to all Class Members who could be identified with reasonable effort, using the information provided by Defendant American Express Financial Advisors, Inc. or its successor, Ameriprise Financial Services, Inc. (collectively, "AEFA"), pursuant to the Notice Order; and it appearing that a summary notice of the Settlement and Final Fairness Hearing, substantially in the form approved by the Court, was published once in the national edition of The Wall Street Journal and Parade Magazine in accordance with the Notice Order; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested by Plaintiffs' Co-Lead Counsel; and all defined terms used herein having the meanings as set forth and defined in the Stipulation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Class Members, and Defendants.

2.     The Court makes a final determination that, for the purposes of the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) Plaintiffs' claims are typical of the claims of the Class they seek to represent; (d) Plaintiffs and their counsel will fairly and adequately represent the interests of the Class; (e) questions of

2

law and fact common to the Class Members predominate over questions affecting only individual members of the Class; and (f) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and, for the purposes of the Settlement, this Court hereby makes final its certification of the Action as a class action on behalf of the following Class:

All Persons who, at any time during the Class Period:

(i) Paid a fee for financial advice, financial planning, or Financial Advisory Services;

(ii) Purchased any of the Non-Proprietary Funds through AEFA or for which AEFA was listed as the broker;

(iii) Purchased any of the AXP Funds through AEFA or for which AEFA was listed as the broker; and/or;

(iv) Paid a fee for financial advice, financial planning, or other financial advisory services rendered in connection with an SPS, WMS and/or SMA account.

Excluded from the Class are Defendants, Nominal Defendants, members of Defendant James M. Cracchiolo's immediate family, any entity in which any Defendant or Nominal Defendant has or had a controlling interest, and the employees, agents, legal affiliates, or representatives who had been employees, agents, legal affiliates or representatives during the Class Period, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party, and all persons and entities who timely and properly requested exclusion from the Class pursuant to the Mailed Notice or Publication Notice disseminated in accordance with the Notice

3

Order, and six persons whose tardy exclusions are excused due to extenuating circumstances. Those six persons are: Carroll Neinhaus, James King, Dorothy King, Muriel Wester, Joseph Centineo and Ester Saabye.

4. Plaintiffs assert claims against Defendants under Sections 12(a)(2) and 15 of the Securities Act of 1933; Section 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rules 10b-5(a)-(c) and 10b-10 promulgated thereunder; Section 20(a) of the Securities Exchange Act of 1934; the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-5, 80b-6; the Minnesota Uniform Deceptive Trade Practices Act, Minnesota Consumer Fraud Act, Minnesota False Advertisement Act, and Minnesota Unlawful Trade Practices Act; and for breach of fiduciary duty and unjust enrichment. The Complaint alleges that Defendants engaged in a common course of conduct that included, among other things, misrepresentations and omissions in connection with the (a) marketing and sale of financial plans and advice to Defendants' clients; (b) the marketing, recommending, and sale of certain non-proprietary mutual funds that paid inadequately disclosed compensation to Defendants for such promotion; and (c) the marketing, recommending, and sale of Defendants' proprietary mutual funds and other proprietary products. For purposes of the Settlement only, the Court makes final its certification of these claims for class treatment.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby makes final its appointment of Plaintiffs (Leonard D. Caldwell, Carol M. Anderson, Donald G. Dobbs, Kathie Kerr, Susan M. Rangeley, and Patrick J. Wollmering) as representatives of the Class for purposes of the Settlement.

6. Having considered the factors described in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby makes final its appointment of Plaintiffs' counsel, the law

firms of Girard Gibbs LLP, Milberg Weiss LLP, and Stull Stull & Brody, as counsel for the Class for purposes of the Settlement.

7.     In accordance with the Notice Order, individual notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort, using the information provided by Defendant AEFA, supplemented by published notice.  The form and method of notifying the Class of the pendency of the Action as a class action, the terms and conditions of the Settlement, and the Final Fairness Hearing met the requirements of Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934 (as amended by the Private Securities Litigation Reform Act of 1995), 15 U.S.C. § 78u-4(a)(7); and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

8.     The Settlement is approved as fair, reasonable, and adequate, and the Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

9.     The Complaint, which the Court finds was filed on a good-faith basis in accordance with the Private Securities Litigation Reform Act of 1995, based upon publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against Defendants.

10.     Class Members, and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any and all Released Claims against any and all Released Persons.  The Released Claims are hereby compromised, settled, released, discharged, and dismissed as to all

5

Class Members and their successors and assigns and as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

11.     Defendants and Nominal Defendants and their successors and assigns are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any and all Settled Defendants' Claims against any Plaintiffs, Class Members, or their attorneys. The Settled Defendants' Claims of all Defendants and Nominal Defendants are hereby compromised, settled, released, discharged, and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

12.     The Released Persons are hereby discharged from all claims for indemnity and contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to or in connection with the Released Claims of the Class or any Class Member, other than claims for indemnity or contribution asserted by a Released Person against another Released Person. Accordingly, the Court hereby bars all claims for indemnity and/or contribution by or against the Released Persons based upon, arising out of, relating to, or in connection with the Released Claims of the Class or any Class Member; provided, however, that this bar order does not prevent any Released Person from asserting a claim for indemnity or contribution against another Released Person.

13.     Neither this Order and Final Judgment, nor the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     offered or received against Defendants or Nominal Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant with respect to the truth of any fact alleged by Plaintiffs, the

6

certification of the class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants or Nominal Defendants;

(b) offered or received against Defendants or Nominal Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or Nominal Defendant;

(c) offered or received against Defendants or Nominal Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any Defendant or Nominal Defendant, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants and/or Nominal Defendants may refer to this Order and Final Judgment and/or the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed as an admission or concession that the consideration given under the Stipulation represents the amount which could be or would have been recovered after dispositive motions or trial; or

(e) construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any Class Members that any of their claims are without merit, or that any defenses asserted by Defendants or Nominal Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Payment.

14. The Plan of Allocation proposed by Plaintiffs' Co-Lead Counsel for allocating the proceeds of the Settlement is approved as fair, reasonable, and adequate, and the Claims Administrator is directed to administer the Settlement and allocate the Settlement Fund in accordance with its terms and provisions.

15. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

16. Plaintiffs' Co-Lead Counsel are hereby awarded 27 percent of the Settlement Fund in attorneys' fees, which sum the Court finds to be fair and reasonable, and $597,204 in reimbursement of expenses, which fees and expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest at the same net rate that the Settlement Fund earns, from the date the Court approves the Fee and Expense Award. Plaintiffs' Co-Lead Counsel shall allocate the award of attorneys' fees among themselves according to their own agreement, and among any other counsel in a fashion that, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates such counsel for their contribution to the prosecution of the Action.

17. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $100,000,000 in cash that is already on deposit, plus interest thereon, and that numerous Class Members who file acceptable Proof of Claim forms will benefit from the Settlement created by Plaintiffs' Co-Lead Counsel;

(b) The Settlement obligates Defendants to pay all reasonable expenses of notice and settlement administration and to adopt remedial measures negotiated with Plaintiffs' Co-Lead Counsel and designed to address the issues giving rise to the Action;

8

(c)     Over 3,012,814 copies of the Settlement Notice were disseminated to putative Class Members indicating that Plaintiffs' Co-Lead Counsel were moving for attorneys' fees and reimbursement of expenses in the requested amounts, and there were *approximately 80* 42 written comments and objections in opposition to the proposed Settlement and/or the fees and expenses requested by Plaintiffs' Co-Lead Counsel which have been considered by the Court and the Court overrules;

*JRB 7/18/07*

(d)     Plaintiffs' Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e)     The Action involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of such issues;

(f)     Had Plaintiffs' Co-Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class would recover significantly less or nothing from Defendants and/or Nominal Defendants;

(g)     Plaintiffs' Co-Lead Counsel have submitted affidavits showing that they expended over 24,000 hours, with a lodestar value of $9,572,865, in prosecuting the Action and achieving the Settlement; and

(h)     The amounts of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

18.     Plaintiffs' Co-Lead Counsel are authorized to pay, from the amount awarded by the Court for attorneys' fees, incentive awards of $5,000 each to each of the six class representatives in this action and each of the five plaintiffs in the related Haritos case.

9

19.    Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action and the Settlement, including (a) the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment; (b) any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members; (c) any dispute over attorneys' fees or expenses sought in connection with the Action or the Settlement; and (d) determination whether, in the event an appeal is taken from any aspect of the Judgment approving the Settlement or any award of attorneys' fees, notice should be given under Federal Rule of Civil Procedure 23(d), at the appellant's expense, to some or all members of the Class apprising them of the pendency of the appeal and such other matters as the Court may order.

20.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

DATED: July 18, 2007

_Deborah A. Batts_
THE HONORABLE DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

10