# EXHIBIT 18

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

HOWARD LEVINE, Individually and On
Behalf of All Others Similarly Situated,

                     Plaintiff,

      vs.

ATRICURE, INC., et al.,

                  Defendants.

---------------------------------------------------------------- x

: Civil Action No. 1:06-cv-14324-RJH

: CLASS ACTION

: ~~[PROPOSED]~~ ORDER AWARDING
: ATTORNEYS' FEES AND EXPENSES

624456_1

THIS MATTER having come before the Court on May 27, 2011, on the motion of Co-Lead Counsel for an award of attorneys' fees and expenses incurred in the Action; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of the Action to be fair, reasonable, and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated October 22, 2010 (the "Stipulation").

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3. Counsel for the Lead Plaintiffs are entitled to a fee paid out of the common fund created for the benefit of the Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). In class action suits where a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is the proper approach. *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). The Second Circuit recognizes the propriety of the percentage-of-the-fund method when awarding fees. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).

4. Co-Lead Counsel have moved for an award of attorneys' fees of 33-1/3% of the Settlement Fund, plus interest.

5. This Court adopts the percentage-of-recovery method of awarding fees in this case, and concludes that the percentage of the benefit is the proper method for awarding attorneys' fees in this case.

- 1 -

624456_1

6.     The Court hereby awards attorneys' fees of 33-1/3% of the Settlement Fund, plus interest at the same rate as earned on the Settlement Fund. The Court finds the fee award to be fair and reasonable. The Court further finds that a fee award of 33-1/3% of the Settlement Fund is consistent with awards made in similar cases.

7.     Said fees shall be allocated among plaintiffs' counsel by Co-Lead Counsel in manner which, in their good faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Action.

8.     The Court hereby awards expenses in an aggregate amount of $37,662.70, plus interest.

9.     In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered each of the applicable factors set fort in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). In evaluating the *Goldberger* factors, the Court finds that:

(a)     Counsel for Lead Plaintiffs expended considerable effort and resources over the course of the Action researching, investigating and prosecuting Lead Plaintiffs' claims. Lead Plaintiffs' counsel have represented that they have reviewed tens of thousands of pages of documents, interviewed witnesses and opposed a legally and factually complex motion to dismiss. The parties also engaged in settlement negotiations that lasted several months. The services provided by Co-Lead Counsel were efficient and highly successful, resulting in an outstanding recovery for the Class without the substantial expense, risk and delay of continued litigation. Such efficiency and effectiveness supports the requested fee percentage.

(b)     Cases brought under the federal securities laws are notably difficult and notoriously uncertain. *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. MDL 1500, 2006 U.S. Dist. LEXIS 17588, at *31 (S.D.N.Y. Apr. 6, 2006). "[S]ecurities actions have become more

- 2 -

624456_1

difficult from a plaintiff's perspective in the wake of the PSLRA." *In re Ikon Office Solutions, Inc.,*

*Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000). This case was made more difficult by the lack of

criminal convictions and no insider trading. Despite the novelty and difficulty of the issues raised,

Co-Lead Counsel secured a very good result for the Class.

(c)     The recovery obtained and the backgrounds of the lawyers involved in the

lawsuit are the best evidence that the quality of Co-Lead Counsel's representation of the Class

supports the requested fee. Co-Lead Counsel demonstrated that notwithstanding the barriers erected

by the PSLRA, they would develop evidence to support a convincing case. Based upon Co-Lead

Counsel's diligent efforts on behalf of the Class, as well as their skill and reputations, Co-Lead

Counsel were able to negotiate a very favorable result for the Class. Co-Lead Counsel are among

the most experienced and skilled practitioners in the securities litigation field, and have unparalleled

experience and capabilities as preeminent class action specialists. Their efforts in efficiently

bringing the Action to a successful conclusion against the Defendants are the best indicator of the

experience and ability of the attorneys involved. In addition, Defendants were represented by highly

experienced lawyers from prominent firms. The standing of opposing counsel should be weighed in

determining the fee, because such standing reflects the challenge faced by plaintiffs' attorneys. The

ability of Co-Lead Counsel to obtain such a favorable settlement for the Class in the face of such

formidable opposition confirms the superior quality of their representation and the reasonableness of·

the fee request.

(d)     The requested fee of 33-1/3% of the settlement is within the range normally

awarded in cases of this nature.

624456_1

(e)     Public policy supports the requested fee, because the private attorney general role is "'vital to the continued enforcement and effectiveness of the Securities Acts.'" *Taft*, 2007 U.S. Dist. LEXIS 9144, at *33 (citation omitted).

(f)     Co-Lead Counsel's total lodestar is $422,016.25. A 33-1/3% fee represents a modest multiplier of 1.58. Given the public policy and judicial economy interests that support the expeditious settlement of cases, *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 373 (S.D.N.Y. 2002), the requested fee is reasonable.

10.     The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Co-Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation and in particular ¶6.1 thereof, which terms, conditions, and obligations are incorporated herein.

IT IS SO ORDERED.

DATED: ___May 27, 2011___

THE HONORABLE RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE

624456_1