UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LOOP INDUSTRIES, INC. SECURITIES LITIGATION | Case No. 7:20-cv-08538-NSR<br><br>Consolidated with:<br>Case No. 7:20-cv-09031-NSR |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (I) LEAD PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND <u>REIMBURSEMENT OF LITIGATION EXPENSES</u>**

Court-appointed lead plaintiffs, Sakari Johansson and John Jay Cappa (collectively, "Lead Plaintiffs"), and their counsel, Glancy Prongay & Murray LLP and Pomerantz LLP (collectively, "Lead Counsel"), respectfully submit this memorandum in further support of: (1) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 50, the "Final Approval Motion"); and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No, 52, the "Fee and Expense Application").[1] This memorandum updates the Court on the status of the notice program and the Settlement Class's reaction thereto, including the fact that there has not been a single objection to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses, including reimbursement to Lead Plaintiffs, and that there has not been a single request for exclusion from the Settlement Class.

## I.    INTRODUCTION

After over two years of hard-fought litigation, including a successful mediation facilitated by a well-respected neutral, Lead Plaintiffs submitted a $3,100,000 all cash, non-reversionary settlement for Court approval. The reaction of the Settlement Class confirms that the Settlement is an excellent result. Following an extensive notice program, which included mailing the Postcard Notice or emailing a link to the Notice and Claim Form on the settlement website to 8,263 potential Settlement Class Members or their nominees, and publishing the Summary Notice in *Investor's Business Daily* and on the *PR Newswire*, not a single objection has been filed or request for

---

[1] Unless otherwise noted, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated May 17, 2022 (ECF No. 47-1), or the Joint Declaration of Leanne H. Solish and Murielle J. Steven Walsh in Support of: (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 54, the "Joint Declaration" or "Joint Decl.").

exclusion received.[2]  The Settlement Class's overwhelmingly positive reaction strongly supports approval of the Settlement and the Plan of Allocation, as well as the request for attorneys' fees and reimbursement of Litigation Expenses.

## II.    THE SETTLEMENT CLASS'S UNIVERSALLY POSITIVE REACTION SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

### A.    The Court-Approved Notice Program Has Been Implemented

Pursuant to the Court's September 16, 2022, Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order"), Strategic Claims Services ("SCS") was authorized to act as the Claims Administrator in connection with the Settlement.  ECF No. 49, ¶7.  In that capacity, SCS, under the supervision of Lead Counsel, mailed the Postcard Notice to 6,103 potential Settlement Class Members and nominees and emailed to potential Settlement Class Members 2,160 links to the Notice and Claim Form on the settlement website.  Suppl. Bravata Decl. at ¶¶3-4.  Moreover, Summary Notice was published in *Investor's Business Daily* and transmitted over the *PR Newswire* on October 31, 2022.  *Id.*, at ¶5.  The Notice, Summary Notice, and Postcard Notice advised Settlement Class Members of the Settlement and the request for an award of attorneys' fees and reimbursement of Litigation Expenses.  *See* ECF No. 54-1, Exs. A, C at ¶¶2, 5, 65, D.  The Notice, Summary Notice, and Postcard Notice further advised Settlement Class Members that the last day for requesting exclusion from the Settlement or filing an objection to the Settlement, the Plan of Allocation, and/or the request for an award of attorneys' fees and reimbursement of Litigation Expenses was December 8, 2022.  *See* ECF No. 54-1, Exs. A, C at p.

---

[2] *See* Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; (C) Report on Requests for Exclusion and Objections; and (D) Report of Claims Received to Date ("Suppl. Bravata Decl.") at ¶¶3-4, 8-9; *see also* ECF No. 54-1, ¶10 and Ex. D (confirming publication of Summary Notice).

3 & ¶¶66, 72, 75, D.

On November 22, 2022, sixteen (16) days prior to the objection deadline, Lead Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and the Fee and Expense Application. The motions were supported by the declarations of Lead Plaintiffs, Lead Counsel, and the Claims Administrator. These papers are available on the public docket and on the settlement website (www.LoopIndustriesSecuritiesSettlement.com). *See* ECF Nos. 50-54; Suppl. Bravata Decl. at ¶7.

The exclusion and objection deadlines have now passed. Importantly, not a single Settlement Class Member requested exclusion from the Settlement Class, and there has not been a single objection to the Settlement, the Plan of Allocation, the request for attorneys' fees, the request for reimbursement of litigation expenses, or the PSLRA awards to Lead Plaintiffs. *See* Suppl. Bravata Decl. at ¶¶8-9. The lack of objections and requests for exclusion weigh heavily in favor of the Court granting the requested relief.

### B.    The Settlement Class's Reaction Supports Approval Of The Settlement, Plan Of Allocation, And Fee And Expense Application

Lead Plaintiffs and Lead Counsel respectfully submit that the overwhelmingly positive response from the Settlement Class confirms the fairness, adequacy, and reasonableness of the Settlement. *See, e.g.*, *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006) ("Lack of objection is strong evidence of the settlement's fairness."); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM)(PED), 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, No. 02 MDL 1484(JFK), 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) ("minimal number of objections and requests for exclusion militates in favor of approving the settlement as be[ing] fair, adequate, and

reasonable").

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 240 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the relatively small number of opt-outs and absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the absence of any objections from Settlement Class Members to the Fee and Expense Application, including the Lead Plaintiffs' request for $5,000 each to compensate them for the time and effort they expended on behalf of the Settlement Class, supports a finding that the fee and expense request is fair and reasonable. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought. As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application."); *see also Fogarazzo v. Lehman Bros.*, Inc., No. 03 Civ. 5194(SAS), 2011 WL 671745, at *2 (S.D.N.Y. Feb. 23, 2011) (granting PSLRA awards to four Lead Plaintiffs in the aggregate amount of $32,000 where "[n]o objections to these awards was received from any members of the Class."). In sum,

the universally favorable reaction of the Settlement Class is strong evidence that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class, that the proposed Plan of Allocation of the Settlement proceeds is fair and equitable, and that Lead Counsel's fee and expense request is reasonable.

## III.    CONCLUSION

For all the foregoing reasons, and those set forth in their opening papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and reimbursement of Litigation Expenses.[3]

Dated: December 29, 2022                         Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Leanne H. Solish*
Leanne H. Solish (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
lsolish@glancylaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
Murielle J. Steven Walsh
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
mjsteven@pomlaw.com

*Lead Counsel for Lead Plaintiffs and the*
*Settlement Class*

---

[3] The Settlement is conditioned on the entry of the [Proposed] Order and Judgment.  *See* Stipulation, ¶¶30, 31(e), 34; Ex. B.  The [Proposed] Order and Judgment, along with [Proposed] Order Approving the Plan of Allocation and the [Proposed] Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses, are submitted concurrently herewith.

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel*

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

By:    */s/ Leanne H. Solish*
Leanne H. Solish