UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE LOOP INDUSTRIES, INC.
SECURITIES LITIGATION

Case No. 7:20-cv-08538-NSR

Consolidated with:
Case No. 7:20-cv-09031-NSR

## DECLARATION OF F. PAUL BLAND, JR. OF PUBLIC JUSTICE FOUNDATION

I, F. Paul Bland, Jr., declare as follows:

1.      I am Executive Director of the Public Justice Foundation ("Public Justice"). I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      Public Justice is a nationwide, non-sectarian, not-for-profit 501(c)(3) organization that was founded in January 1982. Through policy education initiatives and litigation, Public Justice seeks to advance the rights of, among many others, consumers, investors, workers, and students, and to provide and improve access to the legal system.

### Efforts on Behalf of Investors

3.      Leveraging *cy pres* and other resources, Public Justice has been proud to advocate for investors who have been allegedly deceived by materially false and misleading statements about a stock issuer.

4.      For instance, in recent years, Public Justice has identified various efforts to block cases alleging violations of federal and state securities laws for investors through such devices as "loser pays rules" and bans on class actions in initial public offerings and corporate bylaws. We have been active in advocating for the ability of shareholders to pursue their claims, and not to be barred or deterred from doing so.

1

5.      Along with the Consumer Federation of America and other allies, Public Justice is a leader in the Secure Our Savings coalition, a collection of more than 40 organizations (including consumer advocacy organizations, unions, religious groups, and investor advocacy groups), that are speaking out strongly on behalf of investors and against forced arbitration of shareholder claims.    For particular pieces of advocacy, we also often enlist powerful allies such as the American Legion.  The coalition has served as a resource for reporters, policy makers and the public.  The coalition has also engaged in advocacy, such as sending letters to the S.E.C. and Members of Congress speaking out against terms that would bar or deter investors from pursuing claims under the federal and state securities laws.  Several of these letters led to both the S.E.C. announcing some changes in policy, and to several members of Congress contacting the S.E.C. to urge it to do more to protect private lawsuits enforcing the securities laws.

6.      Public Justice also provides valuable information to investors, consumers, and others through publications, information clearinghouses, and participation in educational seminars. We have invested in our communications capacity to produce high-quality coverage and built strong relationships with key media contacts.

7.      As proposals to limit cases brought by investors under the federal and states securities laws have gained prominence in recent years, Public Justice attorneys have presented at educational programs for both investors and attorneys who represent them.  Over the past several years, I have personally appeared at more than two dozen continuing legal education programs, including programs of the Institute for Law and Economic Policy, a public policy research and educational foundation whose mission is to preserve, study and enhance investor and consumer access to the civil justice system.  I have also appeared at several programs of the National Association of Shareholder and Consumer Attorneys (NASCAT) to address threats to securities lawsuits.  In addition, Public Justice attorneys have spoken to, written for, and appeared at several events and programs for audiences of institutional investors about threats to private enforcement of the securities laws.

8.    In addition, Public Justice staff have been honored to write articles addressing threats to cases under the federal and state securities laws (*e.g.*, "When is a Contract Not a Contract? Snow Shoveling, Unilateral Amendment, and Delaware's ATP Decision," by Paul Bland and Karla Gilbride, Spring 2015).  Somewhat differently, we have also published blog posts (such as http://www.publicjustice.net/schwab-prefers-no-regulation/ and http://www.publicjustice.net/ contentbrief-argues-finra-not-preempted-brokerage-firms-cannot-ban-class-actions/).  We have also co-authored articles with people such as John Chiang, the former State Treasurer of California (*e.g.*, "SEC must not silence voice of Wells Fargo investors," *San Francisco Chronicle*, April 22, 2018).

<u>**Public Justice Participation in Amicus Briefs in Securities Cases**</u>

9.    Public Justice has also filed amicus briefs in support of investors in several key cases in recent years.  Some illustrations of this work include:

A.  *Erica P. John Fund, Inc. v. Halliburton Co.* (U.S. Supreme Court).  Public Justice joined in an amicus brief arguing for the preservation of long-standing U.S. Supreme Court precedent supporting investors' ability to argue for class action treatment of securities claims based upon a presumption that markets operate efficiently.

B.  *In the Matter of Department of Enforcement Complainant v. Charles Schwab & Co. Inc.* (FINRA National Adjudicatory Council, No. 2011029760201).  Public Justice submitted, with AARP and the National Consumer Law Center, an *amici curiae* brief challenging Schwab's position that the Federal Arbitration Act (FAA) preempts FINRA rules, and therefore allows brokerage houses to amend its investor contracts to ban class actions by shareholders bringing securities-related claims.

C.  *Amgen, Inc. v. Connecticut Retirement Plans and Trust Funds* (U.S. Supreme Court, No. 11-1085).  Public Justice submitted an *amici curiae* brief in support of investors who were allegedly defrauded by pharmaceutical giant Amgen, a leading manufacturer of drugs.  The case involved a challenge to the district court certification for class action treatment of a securities action against Amgen alleging that the company knowingly or

3

recklessly made materially misleading statements and omissions concerning two of Amgen's flagship products; we refuted Amgen's arguments that securities lawsuits unfairly target the pharmaceutical industry with frivolous litigation.

D. *Roberts v. Triquint Semiconductor, Inc.* (Supreme Court of the State of Oregon, No. S062642). In this case, the defendant sought to force the adoption of a new forum selection by-law without the vote of the corporation's stockholders, effectively eliminating shareholders' ability to bring the defendant to court for any wrongdoing. Public Justice joined an *amici curiae* brief that argued, among other things, that such anti-investor by-law changes should not be permissible where individuals have not agreed to them.

10.     Public Justice has also filed a host of amicus briefs in federal and state appellate courts on other issues relating to the civil justice system in cases that did not involve securities claims.

### *Cy Pres* Awards To Public Justice In Securities Related Cases

11.     Because of Public Justice's record of success and commitment to ensuring that *cy pres* awards are properly used, numerous courts have directed that the Public Justice Foundation be awarded *cy pres* funds.  For instance, in *Stein v. Eagle Bancorp, Inc. et al.*, No. 1:19-cv-06873-LGS, ECF No. 117 (S.D.N.Y. July 19, 2023), Judge Schofield held that "[a]pplying that standard [that a *cy pres* designee must 'reasonably approximate' the interests of the class] here, Public Justice is an appropriate *cy pres* beneficiary, as it is a non-profit organization advocating on behalf of investors and consumers pursuing claims under federal and state securities laws."

12.     Since 2010, we have gratefully received the following *cy pres* designations originating from the following securities related cases:

A. *Stein v. Eagle Bancorp, Inc. et al.*, No. 1:19-cv-06873-LGS (S.D.N.Y.);

B. *In re Qudian Inc. Securities Litigation*, No. 1:17-cv-09741-JMF (S.D.N.Y.);

C. *In re Braskem S.A. Securities Litigation*, No. 1:15-cv-05132-PAE (S.D.N.Y.);

D. *Noble v. Greenberg Traurig*, No. RC 11593201 (Cal. Super. Ct., Alameda County);

4

E.  *In re Mannkind Corp. Securities Litigation*, No. 2:11-cv-00929-GAF-SS (C.D. Cal.);

F.  *In re Iomega Securities Litigation*, No. 3:86-cv-00257 (D. Conn.);

G.  *In re Coastal Physicians Group Securities Litigation*, No. 1:95-cv-00306 (M.D.N.C.);

H.  *Leumi Gemel, Ltd. v. ECtel, Ltd., et al.*, No. 8:04-cv-03380-RWT (D. Md.);

I.  *Gross v. Medaphis Corp.*, No. 1:96-cv-02088-TWT (N.D. Ga.);

J.  *Hoffman vs. Avant! Corporation, et al*, No. 5:97-cv-20698 (N.D. Cal.);

K.  *In re Hovnanian Enterprises, Inc. Securities Litigation*, No. 2:08-cv-00999 (SDW) (MCA) (D.N.J.);

L.  *Scheiner v. i2 Technologies, Inc., et al.*, No. 3:01-cv-00418-L (N.D. Tex.);

M.  *In re FLAG Telecom Holdings, Ltd. Securities Litigation*, No. 1:02-cv-03400-CM-PED (S.D.N.Y.);

N.  *Crotteau v. Addus Homecare Corporation, et al.*, No. 1:10-cv-01937, (N.D. Ill.);

O.  *Jiangchen v. Rentech Inc., et al.*, No. 17-cv-01490-GW-FFM (C.D. Cal.);

P.  *In re Rambus Securities Litigation*, Nos. 5:06-cv-04346-JF; C-07-1238-RMV (N.D. Cal.);

Q.  *Bachow v. Swank Energy Income Advisers LP, et al.*, No. 3:09-cv-00262-K (N.D. Tex.); and

R.  *Yaron v. Intersect ENT, Inc., et al.*, No. 4:19-cv-02647-JSW (N.D. Cal.).


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of September 2023.

F. Paul Bland

_____

F. Paul Bland, Jr.

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

By:    */s/ Leanne H. Solish*
Leanne H. Solish