UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LOOP INDUSTRIES, INC. SECURITIES LITIGATION | Case No. 7:20-cv-08538-NSR<br><br>Consolidated with:<br>Case No. 7:20-cv-09031-NSR |

# [PROPOSED] CLASS DISTRIBUTION ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/4/2023

Having considered all materials and arguments submitted in support of Lead Plaintiffs' Unopposed Motion for Class Distribution Order (the "Motion"), including the Memorandum of Law in Support of the Motion, the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Declaration"), and the Declaration of F. Paul Bland, Jr. of Public Justice Foundation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated May 17, 2022 (ECF No. 47-1) (the "Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Bravata Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. As set forth in the Bravata Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits C-1 and C-2 of the Bravata Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E of the Bravata Declaration are approved.

4. As set forth in the Bravata Declaration, no new Claims received after March 17, 2023 or responses to deficiency and/or rejection letters received after September 20, 2023 may be included in the distribution.

5. The Distribution Plan for the Net Settlement Fund as set forth in the Bravata Declaration and accompanying exhibits is approved. Bravata Declaration, ¶23. The balance of

the Net Settlement Fund shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Segura Declaration will irrevocably forfeit all recovery from the Settlement.

6.   After the Initial Distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the Initial Distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their Initial Distributions and who would receive at least $10.00 from such redistribution. Additional redistributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

7.   At such time as Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost-effective, then the funds will be donated to Public Justice, a non-sectarian, not-for-profit organization devoted to, among other things, investor education and advocacy.

8. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against (a) the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or (b) Defendants or Defendants' Counsel, beyond the amounts allocated to them pursuant to this Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and this Order.

9. The Claims Administrator is authorized to destroy: (a) paper or hard copies of the Claims and all supporting documentation one year after the Second Distribution, if that occurs, or, if there is no Second Distribution, two years after the Initial Distribution; and (b) electronic copies of the Claims and all supporting documentation one year after all funds have been distributed.

SO ORDERED this ____4th____ day of ____October____, 2023.

_____
The Honorable Nelson S. Román
United States District Judge